IN THE MATTER OF: NORTH CAROLINA NATIONAL BANK, GUARDIAN OF
GEORGE L. HUNDLEY, INCOMPETENT

No. 8022SC1076

(Filed 2 June 1981)

Attorneys at Law § 7.5— petition for advancement from incompetent's estate — attorney fees as part of costs

Where petitioner entered a voluntary dismissal of a special proceeding to obtain an advancement from the estate of her incompetent father, the trial court had no authority to order that legal fees incurred by the incompetent's

guardian in defending the petition for advancement be charged as part of the costs of the proceeding to be paid by petitioner. G.S. 7A-306(c).

APPEAL by petitioner from *Davis, Judge.* Order entered 9 October 1980 in Superior Court, DAVIDSON County. Heard in the Court of Appeals 5 May 1981.

Petitioner commenced this proceeding pursuant to Article 5 of Chapter 35 of the General Statutes of North Carolina, requesting an advancement out of the surplus income and principal of the estate of her father, George L. Hundley, a judicially declared incompetent. The petition was dismissed by the Clerk of Superior Court of Davidson County on 11 February 1980. Upon appeal to the superior court, petitioner filed an amended petition by stipulation. On 6 August 1980, respondent bank filed response as guardian of George L. Hundley. Thereafter, on 18 August 1980, petitioner entered notice of voluntary dismissal of her petition pursuant to Rule 41(a) of the North Carolina Rules of Civil Procedure, and requested that the clerk of superior court provide her with a bill of costs for payment by her.

The bank, as guardian, filed a petition requesting that its attorneys' fees for legal services in defending the petition for advances, incurred and paid by it from the estate of Hundley, be charged as part of the costs of the proceeding and paid by petitioner. Petitioner conceded, in oral argument in this Court, that the amount of counsel fees, $5,430, is fair and reasonable compensation for the services rendered to respondent by its attorneys.

Upon the hearing on respondent's petition for reimbursement of counsel fees, the court allowed the petition and ordered the counsel fees taxed as a part of the costs and paid by petitioner.

*Joseph P. Shore and Smith, Moore, Smith, Schell & Hunter, by Vance Barron, Jr., for petitioner appellant.*

*Wyatt, Early, Harris, Wheeler & Hauser, by William E. Wheeler, for respondent appellee.*

MARTIN (Harry C.), Judge.

The sole question on this appeal is whether the court properly required petitioner to pay respondent's counsel fees as a part

of the costs of this proceeding. This is a special proceeding, commenced before the clerk of superior court pursuant to Article 5 of Chapter 35 of the General Statutes of North Carolina. *See Patrick v. Trust Co.*, 216 N.C. 525, 5 S.E. 2d 724 (1939); 1 McIntosh, N.C. Practice and Procedure § 240, n. 21 (2d ed. 1956). Matters involving the estate of a ward are resolved by special proceedings before the clerk of superior court. *See* N.C. Gen. Stat. ch. 33 (particularly § 31). *See also* N.C. Gen. Stat. 35-13. In contrast, the removal of a guardian is not by way of special proceeding, because it is not directly concerned with the estate of the ward. *In re Simmons*, 266 N.C. 702, 147 S.E. 2d 231 (1966).

In *Patrick*, relied upon by respondent, the Court was faced with the exact opposite of the question here presented. *Patrick* was also a proceeding asking for an advancement from the estate of an incompetent. The clerk, affirmed by the judge, held petitioner was entitled to an advancement, and also ordered $625 in legal fees to be paid to petitioner's attorney out of the assets of the guardianship. The Supreme Court reversed the order for attorney fees, holding that the case was a statutory proceeding, and in the absence of statutory authority allowing the taxing of such attorney fees against the guardianship assets, such fees may not be allowed from the assets of the estate. In reaching this conclusion, the Court distinguished those cases in which attorney fees are properly taxed against the assets of an estate, where the attorney represents the fiduciary in the management, conservation, creation or protection of the trust funds. No case cited in *Patrick* allowed a fiduciary to recover from the opposing party attorney fees so paid from the assets of the estate.

Our research has not disclosed a case directly in point. A brief review of the history of attorney's fees in North Carolina is helpful. Such review is presented to us by Justice Barnhill in *Trust Co. v. Schneider*, 235 N.C. 446, 70 S.E. 2d 578 (1952):

> Prior to 1868 counsel fees for the successful litigant were fixed by statute and allowed as a part of the cost or expense of litigation. The Code of Civil Procedure, adopted in 1868, abolished the tax fees of attorneys and made provision for the recovery by the successful party of certain amounts which were supposed to reimburse him for his expense. . . . This was changed in 1870-71 and certain fixed fees for attorneys were allowed as under the former law. . . . In 1879

this was repealed, leaving no statutory provision for attorneys' fees as costs. . . .

Thus the nonallowance of counsel fees as a part of the costs of litigation was deliberately adopted as the policy in this State as early as 1879. That policy, as modified by the provisions of G.S. 6-21, has prevailed in this State since that date.

*Id.* at 454, 70 S.E. 2d at 584 (citations omitted). Further insight into the historical basis for attorney fees in North Carolina is contained in Chief Justice Clark's dissenting opinion in *In re Stone*, 176 N.C. 336, 340, 97 S.E. 216, 218 (1918).

N.C.G.S. 7A-306(c), 1979 Supplement, controls costs in special proceedings, stating in pertinent part:

§ 7A-306. Costs in special proceedings. . . .

. . . .

(c) The uniform costs set forth in this section are complete and exclusive, and in lieu of any and all other costs, fees, and commissions, except that the following additional expenses, when incurred, are assessable or recoverable, as the case may be:

. . . .

(2) Counsel fees, as provided by law.

Thus counsel fees are not recoverable as a part of costs except where provided by law. The statute governing petitions for advancements, N.C.G.S. ch. 35, art. 5, does not authorize the recovery of counsel fees as part of the costs in such proceedings. Nor is there any case law sanctioning such recovery.

In the absence of statutory authority, it is the general rule in North Carolina that a court may not allow attorney fees as a part of the costs recoverable by the successful party in a civil action or special proceeding. *Hicks v. Albertson*, 284 N.C. 236, 200 S.E. 2d 40 (1973); *Records v. Tape Corp.*, 18 N.C. App. 183, 196 S.E. 2d 598, *cert. denied*, 283 N.C. 666 (1973). "Except as so provided by statute, attorney's fees are not allowable." *Baxter v. Jones*, 283 N.C. 327, 330, 196 S.E. 2d 193, 196 (1973). Respondent would have us abandon the settled public policy of North Carolina with

respect to charging the losing party with counsel fees in such cases. This we decline to do.

The order of the superior court allowing respondent's motion to tax petitioner with respondent's counsel fees as a part of the costs is

Reversed.

Judges HEDRICK and WELLS concur.