SHARON ANN MAPP v. TOYOTA WORLD, INC. AND BARCLAYS AMERICAN FINANCIAL CORPORATION, INC.

No. 8628SC34

(Filed 17 June 1986)

1. **Unfair Competition § 1— sale of vehicle—right to return vehicle promised—deceptive trade practice**

   There was no merit to defendant's contention that plaintiff neither alleged nor established any action or conduct on the part of defendant which would amount to an unfair or deceptive trade practice where plaintiff presented evidence from which the jury could reasonably find that defendant induced plaintiff to buy an automobile by promising her that she could return the car if she was not satisfied with it and that defendant had no intention of allowing plaintiff to return the car when this promise was made.

2. **Contracts § 28; Unfair Competition § 1— inducement to buy vehicle—breach of contract alleged—deceptive trade practice—instructions proper**

   In an action to recover for breach of contract and unfair and deceptive trade practices where plaintiff alleged that defendant induced her to buy a car by promising that she could return the car if she was not satisfied with it, the trial court's instruction did not leave the jury free to "speculate," as defendant contended, as to whether defendant agreed to rescind the sale if plaintiff was dissatisfied with the car or the purchase agreement, including the price.

3. **Unfair Competition § 1— jury argument with regard to trebling damages—refusal proper**

   In plaintiff's action to recover for breach of contract and deceptive trade practices, the trial court did not err in refusing to allow defendant to argue to the jury that any compensable damages awarded by the jury for breach of contract could be trebled by the trial court, since the question of whether conduct constitutes an unfair or deceptive act is one of law for the court, and the jury has no role in the decision as to whether damages should be trebled for such conduct.

4. **Unfair Competition § 1— fraudulent inducement in sale of vehicle—punitive damages proper**

Defendant's promise to allow rescission of a contract by plaintiff, which promise defendant never intended to keep, was offensive, oppressive and outrageous conduct amounting to a fraudulent scheme which clearly supported an award of punitive damages.

5. **Unfair Competition § 1; Election of Remedies § 1.1— punitive or treble damages—election after jury verdict**

Plaintiff was not entitled to recover both punitive damages and treble damages for the same conduct, but she should be allowed to elect her remedy *after* the jury's verdict.

APPEAL by defendant from *Snepp, Judge.* Judgment entered 11 December 1985 in BUNCOMBE County Superior Court. Heard in the Court of Appeals 3 June 1986.

Plaintiff brought this action to recover damages for breach of contract, breach of bailment, fraud and unfair and deceptive practices in commerce, all growing out of the sale and purchase of an automobile. Before trial, plaintiff voluntarily dismissed her claim against defendant Barclay's American.

At trial, plaintiff's evidence tended to show the following events and circumstances. On 27 February 1985, plaintiff, the owner of a 1974 Oldsmobile, went to Toyota World, Inc. in Asheville where she met Frank Kiger, a salesman. Plaintiff and Kiger discussed a trade, their discussion resulting in plaintiff's conditional purchase of a 1983 Ford Escort. Plaintiff's car was traded in, plaintiff agreeing to pay an additional $4,945.29: $400.00 in cash, the balance of $4,545.29 to be financed, conditioned on approved credit for plaintiff by Barclay's American. Plaintiff did not have $400.00 in cash, but Kiger persuaded her to give him a $400.00 check on a closed checking account on the promise that Toyota World would hold the check until plaintiff obtained the cash. Kiger promised plaintiff that if she was not satisfied with the Escort, she could bring it back and get her Oldsmobile and $400.00 back. Documents to complete the transaction were signed and plaintiff took the Escort away. The next day, plaintiff returned the Escort to Toyota World, indicating she was not satisfied with it, and asked for her Oldsmobile and her check back. She was informed that her Oldsmobile had been sold and that Toyota World would not accept the return of the Escort. Plaintiff left the Escort at Toyota World. A few days later, Toyota World attempt-

ed to negotiate plaintiff's $400.00 check and when it was returned unpaid, marked "account closed," Toyota World obtained a warrant for plaintiff's arrest. When the check case came on for trial, no one from Toyota World was present and the case was dismissed.

Defendant Toyota World's evidence tended to show Kiger did not tell plaintiff that if she was dissatisfied with the Escort she could return it and cancel the deal and that plaintiff did not disclose that her $400.00 check was on a closed account. Defendant's evidence did not refute plaintiff's evidence that defendant had sold plaintiff's Oldsmobile or that defendant refused to cancel the deal with plaintiff.

Issues were submitted to the jury and were answered as follows:

1. Did the Defendant agree to sell an automobile to the Plaintiff upon condition that she could return the vehicle and cancel the transaction if she was dissatisfied, as alleged in the Complaint?

Answer: YES

2. If so, did the Defendant breach such agreement by failing to cancel the transaction, as alleged in the Complaint?

Answer: YES

3. If so, did the Defendant fraudulently make such a representation as to the conditional nature of the sale, as alleged in the Complaint?

Answer: YES

4. (THIS ISSUE TO BE ANSWERED ONLY IF THE ANSWER TO ISSUE NO. 3 IS "NO".)

What amount of damages, if any, is the Plaintiff entitled to recover from the Defendant for the breach of said agreement?

Answer: $_____

5. Was the making of such representation by the Defendant conduct in commerce or did it affect commerce?

Answer: YES

6. Was the Plaintiff injured as a proximate result of the Defendant's conduct?

Answer: YES

7. If so, by what amount has the Plaintiff been actually damaged?

Answer: $750.00

8. What amount of punitive damages, if any, is the Plaintiff entitled to recover of Defendant?

Answer: $10,000.00

The trial court entered judgment finding that defendant's actions were an unfair practice in commerce and that plaintiff was entitled to have her actual damages trebled and awarding plaintiff $2,250.00 actual and $10,000.00 punitive damages. Defendant Toyota World has appealed from that judgment.

*Lentz, Ball & Kelley, P.A., by Phillip G. Kelley, for plaintiff-appellee.*

*Morris, Golding, Phillips & Cloninger, by James N. Golding, for defendant-appellant.*

WELLS, Judge.

[1] In its second argument, defendant presents this question: "Did the trial court err in permitting the plaintiff to recover treble damages?" Defendant asserts that the plaintiff "neither alleged nor established any action or conduct on the part of the Defendant which would permit Chapter 75 treatment" and that "submitting the unfair trade practice issue to the Jury was also improper. . . ." From the evidence presented by the plaintiff, the jury could reasonably find that defendant induced plaintiff to purchase the Ford Escort by promising her that she could return the car if she was not satisfied with it and that defendant had no intention of allowing plaintiff to return the car when this promise was made. Our Supreme Court has held (1) that the statement of an intention to perform an act, when no such intention exists, constitutes misrepresentation of the promisor's state of mind, an existing fact, and as such may furnish the basis for an action for

fraud if the other elements of fraud are present, *Roberson v. Swain*, 235 N.C. 50, 69 S.E. 2d 15 (1952); *see also Wilkins v. Finance Co.*, 237 N.C. 396, 75 S.E. 2d 118 (1953); and (2) that proof of fraud necessarily constitutes a violation of the statutory prohibition against unfair and deceptive acts, *Hardy v. Toler*, 288 N.C. 303, 218 S.E. 2d 342 (1975). All the elements of fraud were present in this case. *See Johnson v. Insurance Co.*, 300 N.C. 247, 266 S.E. 2d 610 (1980). The unfair commercial practice "issue" was not submitted to the jury, but was appropriately decided by the court after the jury returned its verdict. The only such "issue" answered by the jury was whether defendant's misrepresentations to plaintiff were conduct in commerce or affecting commerce, which was appropriate. The jury's answer to this issue in plaintiff's favor was unquestionably supported by the evidence. These arguments are rejected.

[2] In another argument, defendant asserts that the trial court erred in instructing the jury as to issue number one, as follows:

> Now, the first issue reads as follows: "Did the defendant agree to sell an automobile to the plaintiff upon condition that she could return the vehicle and cancel the transaction if she was dissatisfied as alleged in the Complaint?" Now, as to this issue the burden of proof is on the plaintiff, Miss Mapp, to satisfy you by the greater weight of the evidence that the agent of the defendant, the salesman, agreed that she could take this vehicle which is in question, that if she was not satisfied with it, she could bring it back and the transaction would be cancelled.

Defendant contends that this instruction left the jury free to "speculate" as to whether defendant agreed to rescind the sale if plaintiff was dissatisfied with the Escort *or* the purchase agreement, including the price. We find this instruction not confusing or misleading and reject this argument. Defendant also contends that the trial court erred in submitting two separate issues as to compensatory damages. If there was any error in the manner in which the issues were framed as to compensatory damages, it was cured by the way in which they were answered. This argument is rejected.

[3] In another argument, defendant contends that the trial court erred in not allowing defendant to argue to the jury that any

compensable damages awarded by the jury for breach of contract could be trebled by the trial court. The question of whether conduct constitutes an unfair or deceptive act in violation of the statute is one of law for the Court. *Hardy, supra; Bernard v. Central Carolina Truck Sales*, 68 N.C. App. 228, 314 S.E. 2d 582, *disc. rev. denied*, 311 N.C. 751, 321 S.E. 2d 126 (1984). The jury has no role in the decision as to whether damages should be trebled for such conduct. The question not being in the jury's province, we hold that the trial court properly instructed counsel not to argue the matter to the jury. This assignment is overruled.

[4]  In another argument, defendant contends that the evidence was not sufficient to allow the jury to award punitive damages. Plaintiff's evidence in this case showed not just a breach of promise; it showed a fraudulent scheme, *i.e.*, a contract induced by the defendant's promise to allow rescission of the contract by plaintiff, which promise defendant never intended to keep. To allow defendant to suffer no more than compensatory damages would not be sufficient. We hold such conduct to be offensive, oppressive and outrageous, clearly supporting an award of punitive damages. *See Oestreicher v. Stores*, 290 N.C. 118, 225 S.E. 2d 797 (1976); *compare Newton v. Insurance Co.*, 291 N.C. 105, 229 S.E. 2d 297 (1976). This argument is rejected.

[5]  Finally, defendant contends that plaintiff was not entitled to recover both punitive damages and treble damages for the same conduct. We agree with this position. The misrepresentation of the contract was the only unfair commercial practice issue submitted to the jury. Defendant's conduct in selling plaintiff's trade-in car almost immediately, despite its promise to allow plaintiff to rescind; defendant's attempted negotiation of plaintiff's check, which it promised to hold; and defendant's procuring a warrant for plaintiff's arrest are all unfair or deceptive acts in violation of G.S. 75-1.1, but they were not placed before the jury as separate unfair or deceptive acts by the wording of the issues. Contrary to defendant's argument, however, we hold that plaintiff should be allowed to elect her remedy *after* the jury's verdict. Our appellate courts have clearly held that actions may assert both G.S. 75-1.1 violations and fraud based on the same conduct or transaction and that plaintiffs in such actions may receive punitive damages or be awarded treble damages, but may not have both. *See Marshall v. Miller*, 47 N.C. App. 530, 268 S.E. 2d 97 (1980), *modified and aff'd,*

302 N.C. 539, 276 S.E. 2d 397 (1981); *see also Bicycle Transit Authority v. Bell*, 314 N.C. 219, 333 S.E. 2d 299 (1985); *Borders v. Newton*, 68 N.C. App. 768, 315 S.E. 2d 731 (1984). These cases do not directly address the question of when the plaintiff in such cases must elect the basis of recovery. We hold that it would be manifestly unfair to require plaintiffs in such cases to elect before the jury has answered the issues *and* the trial court has determined whether to treble the compensatory damages found by the jury and that such election should be allowed in the judgment. Hence, we remand this case for such an election, which should be made by plaintiff by a motion in the cause. When plaintiff has made her election, a new judgment should be entered vacating the first judgment and allowing plaintiff recovery based on her election.

No error in the trial. Affirmed in part; reversed in part and remanded for further judgment.

Judges ARNOLD and BECTON concur.