LEA COMPANY v. NORTH CAROLINA BOARD OF TRANSPORTATION

No. 427PA88

(Filed 4 January 1989)

1. **Attorneys at Law § 7.3— condemnation action—attorney fees—discretion of court**

   An award of attorney fees under N.C.G.S. § 136-119 in an inverse condemnation action and the amount of such fees are within the discretion of the trial judge, and his decision will not be reversed absent a clear showing of abuse of discretion.

2. **Attorneys at Law § 7.3— failed motion—attorney fees not reasonably incurred**

   The trial court did not abuse its discretion in finding that attorney fees incurred in the pursuit of a failed Rule 60(b) motion to reopen an inverse condemnation judgment for an award of compound interest were not "reasonably incurred" and in denying plaintiff's application for such attorney fees.

3. **Attorneys at Law § 7.3— condemnation action—attorney fees—services of paralegals and legal secretaries**

   A trial judge, acting within his discretion, may consider and include in the sum he awards as attorney fees the services expended by paralegals and secretaries acting as paralegals if, in his opinion, it is reasonable to do so.

**4. Attorneys at Law § 7.3— condemnation—services by paralegals and legal secretaries—recovery separate from attorney fees not mandated**

N.C.G.S. § 136-119 does not mandate that services performed by paralegals and secretaries acting as paralegals be paid as "costs, disbursements and expenses" separate and apart from attorney fees. In this case, the trial judge could reasonably have concluded that services of paralegals and secretaries acting as paralegals were largely clerical in nature or, even if not, were part of the ordinary office overhead and ought to be subsumed in the hourly rate of the attorneys, and that such services were not reasonably incurred separate and apart from the attorney fees.

**5. Attorneys at Law § 7.3— expenses for paralegals and legal secretaries—allowance as attorney fees in part of action—subsequent allowance not mandated**

The trial judge's allowance of expenses for paralegals and legal secretaries to be recovered as a part of the attorney fees in previous orders relating to other stages of the action does not mandate that they be allowed as a part of the attorney fees in subsequent stages.

ON appeal by plaintiff from an order entered by *Ross, J.,* in Superior Court, GUILFORD County, on 21 July 1988, allowing in part and denying in part plaintiff's application for fees. On 18 October 1988, we allowed the parties' joint petition for discretionary review prior to determination of the Court of Appeals. The case was consolidated for purpose of oral argument with case No. 111PA88, bearing the same caption, by order of this Court entered on 25 October 1988. Heard in the Supreme Court 14 December 1988.

*Patton, Boggs & Blow, by C. Allen Foster, Eric C. Rowe, and Julie A. Davis, for plaintiff-appellant.*

*Lacy H. Thornburg, Attorney General, by James B. Richmond, Special Deputy Attorney General, for defendant-appellee.*

MEYER, Justice.

This is a companion case to No. 111PA88, which was jointly argued with this case. Our decision in the companion case is rendered this date and is reported as *Lea Co. v. N.C. Board of Transportation,* 323 N.C. 697, 374 S.E. 2d 866 (1989). For the factual background of this case, see our opinion in the companion case.

Upon the denial by Judge Ross of plaintiff's motion filed pursuant to Rule 60(b) of the North Carolina Rules of Civil Procedure to reopen the judgment disposing of the case on the merits for

the purpose of offering evidence of and recovering compound interest on the amount of damages, plaintiff filed an amended affidavit and application for attorneys' fees. The plaintiff, in its amended affidavit and application, sought to recover attorneys' fees for the Rule 60(b) motion in addition to attorneys' fees for the main case. By order dated 21 July 1988 Judge Ross allowed plaintiff's application for attorneys' fees and expenses in full for all the time claimed and at the rate claimed except for services for the Rule 60(b) proceeding. The order denied all fees relating to services of paralegals and secretaries acting as paralegals both as to the main case and the Rule 60(b) motion.

Two questions are presented by this appeal: (1) did the trial court err in denying that portion of plaintiff's application for fees relating to its Rule 60(b) motion, and (2) did the trial court err in denying that portion of plaintiff's application for fees attributable to the services of paralegals and secretaries acting as paralegals in the case in general. We hold that the trial court did not err in either respect. We address the issues seriatim.

I.

As we noted in the companion case:

[S]ubsequent to certification of our mandate in the second appeal, plaintiff moved pursuant to N.C.G.S. § 1A-1, Rule 60(b)(6) "that the [trial] court reopen its prior judgment . . . for the purpose of making additional findings and conclusions as to whether [plaintiff] should be awarded compound interest as an element of just compensation." The trial court noted that "with respect to this case, the Supreme Court in its mandate did not remand . . . for consideration of the award of compound interest, but simply affirmed the judgment of the trial court." . . . It then denied the motion "on the ground that this [c]ourt is bound by the mandate of the Supreme Court which affirmed the earlier judgment of the trial court and did not remand for further proceedings . . . ."

323 N.C. at 699, 374 S.E. 2d at 867-68.

We held in the companion case that our mandate did not include a remand for consideration of an award of compound interest; rather, it affirmed a judgment awarding simple interest,

which was all the plaintiff had sought. We further held that the trial court had no authority to modify or change in any material respect the decree affirmed.

The statutory authorization for the award of the property owner's expenses, including attorneys' fees, in inverse condemnation actions is contained in N.C.G.S. § 136-119, which in relevant part provides as follows:

> The judge rendering a judgment for the plaintiff in a proceeding brought under G.S. 136-111 awarding compensation for the taking of property, *shall determine and award or allow* to such plaintiff, as a part of such judgment, *such sum as will in the opinion of the judge* reimburse such plaintiff for his *reasonable* cost, disbursements and expenses, including *reasonable* attorney, appraisal, and engineering fees, actually incurred because of such proceeding.

N.C.G.S. § 136-119 (1986) (emphasis added).

Lea Company contends that the statute is mandatory and that an examination of the facts of the case discloses that each condition of the statute has been satisfied, that is, that a judgment awarding compensation has been rendered in its favor for the taking of property, that it acted reasonably in expending attorneys' fees in seeking compound interest under Rule 60(b), and that those fees were incurred in the course of the inverse condemnation action. We disagree.

[1] While this Court has not previously addressed the award of attorneys' fees under N.C.G.S. § 136-119, we conclude that the language of the statute is itself determinative of the issues before us. Though the statute provides that the judge "shall determine and award or allow" particular types of fees, it also provides that the amount awarded is to be "such sum as will in the opinion of the judge reimburse such plaintiff for his . . . *reasonable* attorney[s'] . . . fees." Our Court of Appeals has held and we now hold that the award of attorneys' fees under N.C.G.S. § 136-119 is within the sound discretion of the trial judge and that his exercise of that discretion is not reviewable except for abuse of discretion. *See Cody v. Dept. of Transportation,* 60 N.C. App. 724, 728, 300 S.E. 2d 25, 28-29 (1983). Both the question of whether to award fees for a particular activity and, if so, the question of the

amount of such fees are within the discretion of the trial judge, and his decision will not be reversed absent a clear showing of abuse of discretion.

[2] The amount of attorneys' fees a trial judge awards is not controlled by the contractual arrangement between the property owner and his attorney or by the attorney's assessment of the value of his services but, as the General Assembly has provided, is an amount to be determined by the trial judge in his discretion based upon the *"reasonable"* value of the services rendered. *See Bandy v. City of Charlotte,* 72 N.C. App. 604, 325 S.E. 2d 17, *disc. rev. denied,* 313 N.C. 596, 330 S.E. 2d 605 (1985). Two of the numerous factors for consideration in fixing reasonable attorneys' fees are the kind of case or motion for which the fees are sought and the result obtained. Here, Lea Company sought attorneys' fees for the motion to reopen a judgment which the trial court recognized, and which we held in the companion case, it could not reopen as to interest on the award of damages because it was bound by the mandate of this Court. The result was that the motion was denied. The trial judge ordered that "[t]he application for fees and expenses in the Rule 60(b) proceeding is denied because the Rule 60(b) motion was denied and the fees were not reasonably incurred." Whether the fees incurred in the pursuit of the failed Rule 60(b) motion were "reasonably incurred" was within the discretion of the trial judge, and we are unable to say that he abused that discretion.

## II.

[3] While this Court is sensitive to the fact that work performed by paralegals and legal secretaries is both valuable and can result in a reduction from the fees charged by attorneys for performing the same services, we are here faced with the question of whether the trial judge abused his discretion in denying fees for such services. The decision of whether to incur the expense of such services on a particular activity and the extent of those services is ordinarily made by the attorney or attorneys in charge of the litigation after consultation with the client. A trial judge, acting within his discretion, may consider and include in the sum he awards as attorneys' fees the services expended by paralegals and secretaries acting as paralegals if, in his opinion, it is reasonable to do so. While, here, some of the paralegal and secre-

tarial time was spent in research, obtaining copies of cases, organizing exhibits, preparing for hearings, and keeping files in order, the plaintiff concedes in its brief that "much of the secretarial and paralegal time was charged for preparing the fee affidavits" and that "[m]ost of the amounts sought for secretarial time were incurred in preparing the fee statement."

[4] We reject plaintiff's contention that the statute mandates that the services performed by the paralegals and secretaries acting as paralegals be paid as "cost, disbursements and expenses" separate and apart from "attorney[s'] fees." Based upon the record before us, it is quite clear that Judge Ross could reasonably have concluded that these services of the paralegals and secretaries acting as paralegals were largely clerical in nature or, even if not, were part of the ordinary office overhead and ought to be subsumed in the hourly rate of the attorneys. Here, as we previously noted, the attorneys' hourly rate was allowed in full, as was the total hours of attorneys' time claimed. We hold that Judge Ross did not abuse his discretion in concluding that such services on the appeal of the interest issue and other work (other than the Rule 60(b) motion to reopen the judgment for the award of compound interest) were not reasonably incurred separate and apart from the attorneys' fees.

[5] We find no merit in plaintiff's contention that the doctrine of the law of the case entitles it to recover the fees for paralegals and secretaries acting as paralegals. Simply because the trial judge seemingly allowed expenses for paralegals and legal secretaries to be recovered as a part of the attorneys' fee in previous orders relating to other stages of the action does not mandate that they be allowed as a part of the attorneys' fees in subsequent stages.

Judge Ross did not make written findings of fact or conclusions of law relating to the services of paralegals and secretaries acting as paralegals, and no party requested that he do so. N.C.R. Civ. P. 52(a)(2). Therefore, it is presumed that the court on proper evidence found facts to support its order. *Watkins v. Hellings*, 321 N.C. 78, 361 S.E. 2d 568 (1987).

In summary, we find no abuse of discretion by the trial judge in denying Lea Company's application for attorneys' fees for services rendered in regard to the Rule 60(b) motion or in denying the

application for fees for time expended by paralegals and secretaries acting as paralegals. The order of Judge Ross allowing in part and denying in part plaintiff's application for fees is affirmed.

Affirmed.