UNITED LABORATORIES, INC., a Delaware Corporation v. WILLIAM DOUGLAS KUYKENDALL and SHARE CORPORATION, a Wisconsin Corporation

No. 243PA91

(Filed 3 December 1993)

1. **Unfair Competition § 1 (NCI3d); Election of Remedies § 2 (NCI4th)— tortious interference with contract—punitive damages, untrebled Chapter 75 damages and attorney fees—not inconsistent or duplicative**

Plaintiff was not prohibited from recovering both punitive damages under its common law claim and untrebled compensatory damages and attorney fees in its unfair practice claim in a tortious interference with contract action arising from a non-competition employment agreement. Punitive damages on the tort claim and attorney fees in the unfair practice claim may be recovered because the conduct required for the award of attorney fees is different from the conduct required for an award of punitive damages and the two recoveries serve different interests, so that permitting the plaintiff to recover both will not result in double redress for a single wrong. Similarly, awards of untrebled compensatory damages in the unfair practices claim and punitive damages in the tortious interference claim serve completely different purposes, are calculated on entirely different bases, and are neither inconsistent nor duplicative.

**Am Jur 2d, Election of Remedies §§ 8-13; Monopolies, Restraints of Trade, and Unfair Trade Practices §§ 542 et seq.**

**Practices forbidden by state deceptive trade practice and consumer protection acts. 89 ALR3d 449.**

2. **Unfair Competition § 1 (NCI3d)— attorney fees—findings supporting amount—insufficient**

The Court of Appeals did not err by remanding an award of attorney fees for additional findings where the trial court awarded "reasonable attorneys fees in the amount of $250,000" to plaintiff pursuant to N.C.G.S. § 75-16.1 but made no further findings regarding the reasonableness of the award.

**Am Jur 2d, Monopolies, Restraints of Trade, and Unfair Trade Practices §§ 542 et seq.**

UNITED LABORATORIES, INC. v. KUYKENDALL

[335 N.C. 183 (1993)]

**Award of attorneys' fees in actions under state deceptive trade practice and consumer protection acts. 35 ALR4th 12.**

Justice PARKER did not participate in the consideration or decision of this case.

Justice MEYER concurring in part and dissenting in part.

Justice WEBB joins in this concurring and dissenting opinion.

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, 102 N.C. App. 484, 403 S.E.2d 104 (1991), affirming in part, reversing and remanding in part a judgment entered by Owens, J., on 19 July 1989 in Superior Court, Buncombe County. Heard in the Supreme Court 11 March 1992.

*Petree Stockton, by Jackson N. Steele, for plaintiff-appellee.*

*Brock, Drye & Aceto, P.A., by Michael W. Drye, for defendant-appellant Share Corp.*

EXUM, Chief Justice.

We allowed defendant Share Corporation's petition for discretionary review in order to consider whether and to what extent a claimant who successfully prosecutes both a common law claim and an unfair practices claim under Chapter 75 of our General Statutes is required to elect between remedies when both claims arise out of essentially the same conduct.

This case has occupied the parties and the courts for a number of years. The essence of it is that plaintiff, United Laboratories, Inc. (United), employed defendant Kuykendall to sell chemical products. The employment contract provided that Kuykendall would not call upon accounts which he serviced for United for eighteen months after his termination of employment with United. Defendant Share Corporation (Share), a competitor of United, induced Kuykendall to leave his employment with United in order to work as a sales representative for Share under circumstances which amounted to a breach of Kuykendall's non-competition agreement with United.

United filed this action against Kuykendall and Share in November 1985, claiming that Kuykendall had breached his non-

**UNITED LABORATORIES, INC. v. KUYKENDALL**

[335 N.C. 183 (1993)]

competition agreement, that Share had tortiously interfered with this agreement, and that Share had violated North Carolina's unfair practices law, codified in Chapter 75 of our General Statutes. At the first trial United, after having obtained a preliminary injunction against Kuykendall, also obtained directed verdicts against Kuykendall for breach of contract and against Share for tortious interference with contract and for violating the unfair practices law. A jury assessed general damages in favor of United in the amount of $77,477.77, which the trial court reduced to $38,738.89. The jury also found that United had incurred attorneys' fees and costs in the amount of $47,522.23, and the trial court entered judgment that defendants pay United this amount for its attorneys' fees and costs. The trial court also permanently enjoined Kuykendall from further violations of his agreement with United.

On defendants' first appeal this Court, reversing the Court of Appeals, concluded that the non-competition agreement was enforceable. *United Laboratories, Inc. v. Kuykendall*, 322 N.C. 643, 370 S.E.2d 375 (1988). We also concluded that the trial court erred in directing a verdict in favor of United in its tortious interference claim and that the Court of Appeals erred in concluding that a directed verdict should have been entered on this claim for defendant Share. We held this claim should have been submitted to the jury for determination. *Id.* We affirmed the Court of Appeals' decision to remand the case for a new trial on United's unfair practices claim, agreeing that it was error for the trial court to direct a verdict in favor of United on this claim.[1]

At the retrial of the case issues were submitted and answered by the jury as follows:

(1) What amount of damages is Plaintiff United entitled to recover of Defendant Kuykendall for breach of the Sales Representative Agreement and Supplemental Compensation Agreement?

Answer: $11,700

(2) Did Defendant Share unjustifiably induce Kuykendall not to perform his contract with United?

Answer: Yes

---

1. The Court of Appeals' initial decision is reported at 87 N.C. App. 296, 361 S.E.2d 292 (1987).

(3) What amount of damages, if any, is Plaintiff United entitled to recover of Defendant Share?

Answer: $1.00

(4) In your discretion, what amount of punitive damages, if any, should be awarded to Plaintiff United from Defendant Share?

Answer: $100,000

(5) Did Defendant Share do one or more of the following:

a. Offer to pay legal fees and costs to induce Kuykendall, in breach of his covenant not to compete, to attempt to divert to Share, unfairly, United's accounts;

Answer: Yes

b. Induce Kuykendall to use his relationship with United's accounts and knowledge of confidential business information to attempt to divert to Share, unfairly, United's accounts;

Answer: Yes

c. Offer to subsidize the income, draw and expenses of Kuykendall in the event of an injunction, to induce Kuykendall, to divert to Share, unfairly, United's accounts;

Answer: Yes

d. As a matter of routine practice, offer to pay legal fees and costs to induce experienced chemical sales representatives, in breach of the salesmen's covenant not to compete, to attempt to divert to Share, unfairly, the former employer's accounts.

Answer: Yes

(6) Was Defendant Share's conduct in commerce or did it affect commerce?

Answer: Yes

(7) Was Defendant Share's conduct a proximate cause of any injury to Plaintiff United's business?

Answer: Yes

(8) By what amount, if any, has the business of Plaintiff United been injured?

Answer: $15,000

Upon the coming in of the verdict, all parties seemed to agree that it was then a question of law for the trial court to determine whether defendant Share's conduct as found by the jury constituted a violation of the unfair practices law.[2] After the verdict was returned on 26 May 1989, the parties exchanged evidence pertaining to the issue of attorneys' fees and prepared for a posttrial hearing before Judge Owens on the question of whether Share's conduct as found by the jury amounted to a violation of the unfair practices law and, if so, what amount of attorneys' fees should be awarded to United. After the posttrial hearing on 5 July 1989 Judge Owens concluded that Share's conduct as found by the jury in Issue 5 constituted "unfair methods of competition and unfair trade practices in violation of N.C.G.S. § 75-1.1, and that plaintiff's damages found by the jury in Issue 8 shall be trebled pursuant to N.C.G.S. § 75-16." Judge Owens concluded further that Share "willfully engaged in the acts and practices which are the subject of this action and that there was an unwarranted refusal by [Share] to resolve the matter." Judge Owens found that United was entitled to recover from Share reasonable attorneys' fees in the amount of $250,000 pursuant to N.C.G.S. § 75-16.1. Judge Owens entered these conclusions as recitations in a "Judgment and Order" which further provided as follows:

> Plaintiff United Laboratories, not being permitted to recover both punitive damages and treble damages for unfair methods of competition and unfair trade practices, shall, within ten days of the filing of this Judgment, file a Motion in this cause electing between the recovery of punitive damages or the recovery of treble damages.

> NOW, THEREFORE, it is hereby ORDERED, ADJUDGED and DECREED:

---

2. This Court had pointed out in the first appeal that, "under N.C.G.S. § 75-1.1, it is a question for the jury as to whether the defendants committed the alleged acts, and then it is a question of law for the court as to whether these proven facts constitute an unfair or deceptive trade practice. *Hardy v. Toler*, 288 N.C. 303, 218 S.E.2d 342 (1975)." *United Laboratories, Inc. v. Kuykendall*, 322 N.C. at 664, 370 S.E.2d at 389.

UNITED LABORATORIES, INC. v. KUYKENDALL

[335 N.C. 183 (1993)]

That within ten days of the filing of this Judgment, plaintiff shall file a Motion in this cause electing between the recovery of punitive damages or the recovery of treble damages[.][3]

By motion in the cause filed 12 July 1989 United elected to recover from Share on its unfair practices claim $15,000 compensatory damages and attorneys fees and on its tortious interference claim, punitive damages of $100,000.

Judge Owens' final judgment, filed 19 July 1989, after reciting United's election, adjudged that United was entitled to recover against defendant Kuykendall $11,700 and against defendant Share $15,000. The judgment then provided as follows:

[United's] compensatory damage recovery from defendant William Douglas Kuykendall and from defendant Share Corporation arises out of the same or similar circumstances and that plaintiff United Laboratories is entitled to a compensatory damage recovery of $15,000.00, with defendants William Douglas Kuykendall and Share Corporation being jointly and severally liable for $11,700.00 of such recovery, and defendant Share Corporation being solely responsible for the balance of $3,300.00[.]

Judge Owens further decreed that United should recover of defendant Share punitive damages in the amount of $100,000 and reasonable attorneys fees in the amount of $250,000 as part of the costs.

Defendants' motion to amend the final judgment so as to require plaintiff to make "a proper election of remedies" was denied. Defendant Share appealed from the final judgment and the order denying the motion to amend the judgment, assigning error to, among other things, the trial court's (1) allowing plaintiff to recover both punitive damages under its common law interference with contract claim and compensatory damages, untrebled, and attorneys

---

3. Judge Owens was obviously advertent to and followed the procedure set out in *Mapp v. Toyota World, Inc.*, 81 N.C. App. 421, 344 S.E.2d 297, *disc. rev. denied*, 318 N.C. 283, 347 S.E.2d 464 (1986) ("We hold that it would be manifestly unfair to require plaintiffs in such cases to elect before the jury has answered the issues and the trial court has determined whether to treble the compensatory damages found by the jury and that such election should be allowed in the judgment. Hence, we remand this case for such an election, which should be made by plaintiff by a motion in the cause. When plaintiff has made her election, a new judgment should be entered vacating the first judgment and allowing plaintiff recovery based on her election.").

UNITED LABORATORIES, INC. v. KUYKENDALL

[335 N.C. 183 (1993)]

fees under its statutory unfair practice claim; (2) failing to make findings in support of its award of attorneys fees; and (3) awarding attorneys fees in the absence of any evidence supporting the trial court's finding that Share willfully engaged in the conduct which was the subject of the unfair practices claim and engaged in an unwarranted refusal to resolve the matter as required by N.C.G.S. § 75-16.1.

The Court of Appeals affirmed the trial court's judgment as to the manner in which it handled the election of remedies issue. It also concluded that there was ample evidence in the record to support the trial court's finding that Share willfully engaged in the conduct which the trial court found violated the unfair practices law and that Share engaged in an unwarranted refusal to resolve the matter which constituted the basis of United's unfair practices claim. The Court of Appeals, consequently, held that the trial court did not abuse its discretion in its decision to award attorneys fees. The Court of Appeals, however, did conclude that the trial court failed to make the necessary findings of fact regarding the reasonableness of the attorneys fees awarded without which the appellate court could not properly review the reasonableness of the trial court's award. The Court of Appeals remanded this issue to the trial court for appropriate findings consistent with its opinion.

Share petitioned for further review of the election of remedies issue. In its response to Share's petition for further review, United, pursuant to N.C. R. App. P. 15(d), asked that if we granted Share's petition for further review, we also grant review of the Court of Appeals' remand of the attorneys' fee issue. This Court by order dated 3 October 1991 allowed further review of the election of remedies question and the attorneys' fee issue.

We conclude the Court of Appeals correctly decided both questions certified for review.

I.

[1] The first issue is whether United, having succeeded at trial on both its common law tortious interference claim and its unfair practices claim, may recover both punitive damages in its common

law claim and untrebled compensatory damages and attorneys fees in its unfair practices claim.[4]

Share argues that under the doctrine of election of remedies United must elect between recovering punitive damages in its common law claim for tortious interference, on one hand, and damages and attorneys fees in its unfair practices claim, on the other. United contends that no such election is required since the recoveries in question are neither inconsistent nor duplicative. Since we have not yet addressed this precise issue, we first review the claims involved and the damages they provide.

Chapter 75 of our General Statutes provides that "unfair methods of competition . . . and unfair or deceptive acts or practices in or affecting commerce" are unlawful, N.C.G.S. § 75-1.1(a), and that "in such case judgment shall be rendered in favor of the plaintiff and against the defendant for treble the amount fixed by the verdict." N.C.G.S. § 75-16. Where "[t]he party charged with the violation has willfully engaged in the act or practice, and there was an unwarranted refusal by such party to fully resolve the matter which constitutes the basis of such suit," the "presiding judge may, in his discretion, allow a reasonable attorney fee" to the prevailing party. N.C.G.S. § 75-16.1. This legislation was designed to supplement common law remedies that often proved ineffective to redress unfair or deceptive practices. *Marshall v. Miller*, 302 N.C. 539, 543, 276 S.E.2d 397, 400 (1981). Providing attorneys fees encourages private enforcement of the act. *Id.* at 549, 276 S.E.2d at 404. An award of treble damages achieves this same goal, but it also serves to deter future misconduct. *Id.* at 546, 276 S.E.2d at 402.

A claim for tortious interference with contract exists where the defendant knows of a contractual relationship between two

---

4. At trial United did not assert that it was entitled both to nominal damages in its tortious interference claim ($1.00) and compensatory damages in its unfair practices claim ($15,000). Nor did it assert that it was entitled to both punitive damages in its tortious interference claim ($100,000) and trebled damages in its unfair practices claim ($45,000). Neither did it appeal from the trial court's judgment which did not permit these dual recoveries. Although United now argues that it should have been entitled to all damages under both claims and to attorneys fees on the basis that each claim arose from different conduct, this issue is not before us. We treat the questions before us on the basis that both claims arose out of the same conduct, which appears to have been the position of the parties before the trial court.

UNITED LABORATORIES, INC. v. KUYKENDALL

[335 N.C. 183 (1993)]

parties and without justification induces one party to breach the contract. *United Laboratories, Inc. v. Kuykendall*, 322 N.C. 643, 661, 370 S.E.2d 375, 387 (1988). In such a case, a plaintiff may recover his actual damages flowing from the tortious conduct. *Id.* As with other torts, a plaintiff may recover punitive damages "only where the wrong is done willfully or under circumstances of rudeness, oppression or in a manner which evidences a reckless and wanton disregard of the plaintiff's rights." *Hardy v. Toler*, 288 N.C. 303, 306-07, 218 S.E.2d 342, 345 (1975); Strong's North Carolina Index 4th *Damages* § 66 (1991). As with other torts, a plaintiff generally may not recover attorneys fees. *Matter of North Carolina Nat. Bank*, 52 N.C. App. 353, 278 S.E.2d 330, *disc. rev. denied*, 303 N.C. 544, 281 S.E.2d 393 (1981).

One aspect of the doctrine of election of remedies is that a plaintiff may not recover inconsistent remedies. *Redmond v. Lilly*, 273 N.C. 446, 160 S.E.2d 287 (1968). Remedies are inconsistent when one "must necessarily repudiate or be repugnant to the other." *Richardson v. Richardson*, 261 N.C. 521, 530, 135 S.E.2d 532, 539 (1964) (citing 28 C.J.S. *Election of Remedies* § 4). Thus, a party may not sue for rescission of a contract and for its breach. *Standard Amusement Co. v. Tarkington*, 247 N.C. 333, 101 S.E.2d 398 (1958). Since recovering attorneys fees and punitive damages is not inconsistent, that aspect of the doctrine of election of remedies that precludes inconsistent remedies does not prevent plaintiff from recovering both.

Another aspect of the doctrine of election of remedies is to "prevent double redress for a single wrong." *Smith v. Oil Corp.*, 239 N.C. 360, 368, 79 S.E.2d 880, 885 (1954); 25 Am. Jur. 2d *Election of Remedies* § 1 (1966) (citing *Smith*). Thus, a party may not recover punitive damages for tortious conduct and treble damages for a violation of Chapter 75 based on that same conduct. *Ellis v. Northern Star*, 326 N.C. 219, 227-28, 388 S.E.2d 127, 132 (1990); *Mapp v. Toyota World*, 81 N.C. App. 421, 426-27, 344 S.E.2d 297, 301, *disc. rev. denied*, 318 N.C. 283, 347 S.E.2d 464 (1986); *Marshall v. Miller*, 47 N.C. App. 530, 542, 268 S.E.2d 97, 103 (1980), *modified and aff'd*, 302 N.C. 539, 276 S.E.2d 397 (1981).

Where the same source of conduct gives rise to a traditionally recognized cause of action, as, for example, an action for breach of contract, and as well gives rise to a cause of action for violation of G.S. 75-1.1, damages may be recovered either for

UNITED LABORATORIES, INC. v. KUYKENDALL

[335 N.C. 183 (1993)]

the breach of contract, or for violation of G.S. 75-1.1, but not for both.

*Marshall,* 47 N.C. App. at 542, 268 S.E.2d at 103. We held in *Ellis* that plaintiffs, who sued for libel and for an unfair practice under Chapter 75 based on that libel, had to elect between recovering compensatory and punitive damages in the libel claim and treble damages in the unfair practice claim. *Ellis,* 326 N.C. at 227-28, 388 S.E.2d at 132.

*Ellis* and *Marshall* are distinguishable. Share's conduct which gives rise to an award of attorneys fees is not the same conduct that gives rise to an award of punitive damages. To recover punitive damages at common law a plaintiff must show that the defendant acted in a willful or oppressive manner. *Hardy v. Toler,* 288 N.C. 303, 218 S.E.2d 342. To recover attorneys fees for unfair practices, however, the plaintiff must also show that "there was an unwarranted refusal by [the defendant] to fully resolve the matter which constitutes the basis of . . . the suit." N.C.G.S. § 75-16.1(1). Since recovery of attorneys fees requires proof different from that which gives rise to punitive damages, the claims do not arise from "the same course of conduct." *Marshall,* 47 N.C. App. at 542, 268 S.E.2d at 103.

Furthermore, the policies behind recovering attorneys fees and recovering punitive damages are wholly different. Punitive damages are designed to punish willful conduct and to deter others from committing similar acts. *Shugar v. Guill,* 304 N.C. 332, 283 S.E.2d 507 (1981); *Newton v. Standard Fire Ins. Co.,* 291 N.C. 105, 229 S.E.2d 297 (1976). The purpose of attorneys fees in Chapter 75, however, is to "encourage private enforcement" of Chapter 75.[5] *Marshall v. Miller,* 302 N.C. 539, 549, 276 S.E.2d 397, 404. An

---

5. Defendant cites *Cordeco Development Corp. v. Santiago Vasquez,* 539 F.2d 256, 263, *cert. denied,* 429 U.S. 978, 50 L. Ed. 2d 586 (1976), for the proposition that attorneys fees are punitive in nature. That case, however, concerned an award of attorneys fees based on the equitable powers of the trial court to award attorneys fees for acts done in "bad faith"; that case did not involve attorneys fees based on a statutory provision such as N.C.G.S. § 75-16.1. In construing N.C.G.S. § 75-16.1, our cases have never held that attorneys fees are punitive. *See, e.g., Marshall v. Miller,* 302 N.C. 539, 276 S.E.2d 379 (1981). *See also* Christopher B. Capel, Note, Unfair Trade Practices and Unfair Methods of Competition in North Carolina: Are Both Treble and Punitive Damages Available for Violations of Section 75-1.1?, 62 N.C. L. Rev. 1139, 1147 (1983) (stating that attorneys fees in Chapter 75 are not punitive).

award limited to attorneys fees plus treble damages will often prove inadequate to punish and deter the type of willful conduct that leads to punitive damages at common law. *See Pinehurst, Inc. v. O'Leary Bros. Realty*, 79 N.C. App. 51, 338 S.E.2d 918, *disc. rev. denied*, 316 N.C. 378, 342 S.E.2d 896 (1986) (plaintiff awarded $1 in nominal damages, and thus $3 in treble damages for unfair practices violation). The only provision in Chapter 75 relating to willful acts provides that attorneys fees may be awarded, but this is in the discretion of the court and the amount is in no way related to the need to deter or punish. Similarly, recovery of punitive damages, although requiring willful conduct, does not account for an "unwarranted refusal by [one who commits unfair practices] to fully resolve the matter." N.C.G.S. § 75-16.1(1). Permitting recovery of punitive damages on the common law claim in addition to attorneys fees on the unfair practices claim best serves Chapter 75's policy of encouraging private enforcement of the Act.

Since these recoveries serve different interests and are not based on the same conduct, there is no "double redress for a single wrong," *Smith v. Oil Corp.*, 239 N.C. 360, 368, 79 S.E.2d 880, 885 (1954), and plaintiff is not required to elect between them to prevent duplicitous recovery.

At least one other jurisdiction has permitted attorneys fees for an unfair practice and punitive damages for a tort based on the same conduct. *Verdonck v. Scopes*, 226 Ill. App. 3d 484, 486, 493, 590 N.E.2d 545, 546, 551 (1992) (permitting punitive damages under common law fraud claim and attorneys fees under Illinois Consumer Fraud Act for same conduct). We also note that in analogous situations other courts have permitted plaintiffs to recover attorneys fees under one theory and damages under another theory. In *Midamerica Federal Savings & Loan v. Shearson/American Express, Inc.*, the plaintiff sued for violations of state securities laws, which permitted attorneys fees, and for a breach of fiduciary duty based on the same conduct of defendants. *Midamerica Fed. Savs. & Loan v. Shearson/American Express, Inc.*, 962 F.2d 1470, 1471 (10th Cir. 1992). The jury found for the plaintiff on both claims, awarding one million dollars more in compensatory damages for the breach of fiduciary duty claim than for the securities claim. *Id.* at 1471-72. The trial court aggregated the awards to maximize recovery, entering judgment on the fiduciary duty claim and awarding attorneys fees based on the statutory claim. *Id.* On appeal the defendant challenged this "mix and match" approach. The Tenth

Circuit upheld the judgment, reasoning: "This case . . . does not involve double recovery of a certain type of damages . . . . Accordingly, [plaintiff] is entitled to recover its attorneys fees because the award simply is not duplicative . . . ." *Id.* at 1473-74. Similarly, the Fourth Circuit Court of Appeals permitted the plaintiffs to recover attorneys fees under North Carolina's security laws and punitive damages for fraud and breach of fiduciary duties. *Hunt v. Miller*, 908 F.2d 1210, 1213-14, 1216-17 (4th Cir. 1990). *See also E.H. Boerth. Co. v. Lad Properties*, 82 F.R.D. 635, 638, 645, 646 (D. Minn. 1979) (permitting plaintiff to recover attorneys fees for Minnesota securities violation and punitive damages for fraud; "while the plaintiff is entitled to the maximum amount of damages awarded, damage sums cannot be aggregated if to do so would allow a duplicative recovery").

We hold, therefore, that since the conduct required for an award of attorneys fees is different from the conduct required for an award of punitive damages and since the two recoveries serve different interests, permitting the plaintiff to recover both will not result in "double redress for a single wrong," *Smith v. Oil Corp.*, 239 N.C. at 368, 79 S.E.2d at 885; and United is not required to elect between the two. United may, therefore, recover punitive damages in its tort claim and attorneys fees in its unfair practice claim.

Similar to its argument regarding the election between punitive damages and attorneys fees' discussed above, Share contends that United must elect between the award of $15,000 in untrebled compensatory damages in the unfair practices claim[6] and the award of $100,000 in punitive damages in the tortious interference claim.

We disagree. These awards are neither inconsistent nor duplicitous. They serve completely different purposes and are calculated on entirely different bases. As mentioned earlier, punitive damages are awarded to punish and deter willful misconduct. *Newton*

---

6. N.C.G.S. § 75-16 provides that if the plaintiff shows a violation of Chapter 75 "judgment shall be rendered in favor of the plaintiff and against the defendant for treble the amount fixed by the verdict." This provision gives the plaintiff an absolute right to treble damages. *Pinehurst, Inc. v. O'Leary Bros. Realty*, 79 N.C. App. 51, 338 S.E.2d 908, *disc. rev. denied*, 316 N.C. 378, 342 S.E.2d 896 (1986). Any right, whether statutory or constitutional, ordinarily may be waived by the party entitled to it. We see no reason why a plaintiff in an unfair practices claim may not waive the right to recover treble damages and elect instead, for reasons satisfactory to the plaintiff, to recover untrebled compensatory damages.

# IN THE SUPREME COURT 195

## UNITED LABORATORIES, INC. v. KUYKENDALL

[335 N.C. 183 (1993)]

*v. Standard Fire Ins. Co.*, 291 N.C. 105, 229 S.E.2d 297 (1976). The amount of punitive damages necessary to effectuate this policy "rests in the sound discretion of the jury." *Id.* at 111, 229 S.E.2d at 300-01. Compensatory damages, however, whether available at common law or authorized by statute, are merely to compensate the plaintiff for the injuries caused by the defendant. There is, therefore, no double redress for a single wrong and no inconsistency when a plaintiff recovers untrebled compensatory damages under Chapter 75 and punitive damages under a tortious interference claim.

## II.

[2] The next issue is whether the evidence and findings of the trial court are sufficient to support its award of attorneys fees. The trial court awarded "reasonable attorneys fees in the amount of $250,000" to plaintiff pursuant to N.C.G.S. § 75-16.1. The trial court made no further findings regarding the reasonableness of the award.

The Court of Appeals held that there was sufficient evidence before the trial court to support an award of attorneys fees pursuant to N.C.G.S. § 75-16.1, but it concluded the trial court made insufficient findings on the question of the reasonableness of the amount awarded. The Court of Appeals, therefore, remanded the case for findings of fact "as to the time and labor expended, the skill required, the customary fee for like work, and the experience or ability of the attorney." 102 N.C. App. at 495, 403 S.E.2d at 111. For the reasons given in the Court of Appeals' opinion we affirm its decision on the attorneys fees issue.

In addition to these findings suggested by the Court of Appeals, the trial court should consider and make findings concerning "the novelty and difficulty of the questions of law"; "the adequacy of the representation," *Owensby v. Owensby*, 312 N.C. 473, 477, 322 S.E.2d 772, 774-75 (1984); the "difficulty of the problems faced by the attorney," *Dyer v. State*, 331 N.C. 374, 378, 416 S.E.2d 1, 3 (1992), especially any "unusual difficulties," *Little v. Trust Co.*, 252 N.C. 229, 255, 113 S.E.2d 689, 709 (1960); and "the kind of case . . . for which the fees are sought and the result obtained," *Lea Co. v. N.C. Board of Transportation*, 323 N.C. 691, 695, 374 S.E.2d 868, 871 (1989). The court may also in its discretion consider and make findings on "the services expended by paralegals and secretaries acting as paralegals if, in [the trial court's opinion], it is reasonable to do so." *Id.*

For the reasons given the decision of the Court of Appeals is

AFFIRMED.

Justice Parker did not participate in the consideration or decision of this case.

Justice MEYER concurring in part and dissenting in part.

I concur in that part of the majority opinion which affirms the Court of Appeals' remand of the case for findings as to a "reasonable" attorney's fee. I dissent from that part of the majority opinion which affirms the allowance of recovery of attorneys' fees in the Chapter 75 claim *and* punitive damages in the common law tortious interference claim.

Assuming *arguendo* that the majority is correct in its conclusion that this Court has not heretofore spoken to the issue presented regarding election of remedies, it is my view that it is contrary to the legislative intent in enacting Chapter 75 to allow the plaintiff to recover in both the common law action and the Chapter 75 action.

Heretofore, it has been the practice in this state to require the plaintiff to recover either the Chapter 75 statutory group of remedies (trebled compensatory damages and discretionary attorneys' fees) *or* the group of remedies available in the common law claim (compensatory and punitive damages).

*Jennings Glass Co. v. Brummer*, 88 N.C. App. 44, 362 S.E.2d 578 (1987), *disc. rev. denied,* 321 N.C. 473, 364 S.E.2d 921 (1988), is a good example of the prior treatment. In *Jennings*, the Court of Appeals held that a plaintiff who sued for breach of contract and unfair practices but whose unfair practices claim was dismissed at trial had elected its remedy by appealing the dismissal of the unfair practices claim. *This was true even though the plaintiff had been awarded compensatory and punitive damages at trial for its breach of contract claim.* That court, in reversing the trial court's judgment, struck the previous breach of contract claim and award and remanded the case with orders that treble compensatory damages and an attorneys' fees determination be made and awarded under the statutory claim.

Implicit in the Court of Appeals' holding was its proper determination that the plaintiff was allowed only one remedy for the

**UNITED LABORATORIES, INC. v. KUYKENDALL**

[335 N.C. 183 (1993)]

defendant's unlawful conduct—either recovery under the breach of contract claim or recovery under the unfair practices claim. The Court of Appeals in *Jennings* did not allow the plaintiff to retain the punitive damages awarded at trial for the breach of contract claim and untrebled damages and attorneys' fees under the statutory unfair practices claim.

In the case *sub judice*, it is irrefutable that the common law tortious interference claim and the Chapter 75 unfair practices claims were based on the same underlying conduct. Each of the unfair practices found to exist at the trial court level was a type of interference with United's contract with Kuykendall. All of the conduct found by the trial court to constitute unfair practices also fell within United's interference claim.

I do not believe that United should be permitted to elect among individual components of the two remedies. United elected the following recovery:

|  | Compensatory Damages | Punitive Damages | Attorney's Fees |
|---|---|---|---|
| Interference Claim | (not elected) | $100,000 | N/A |
| Unfair Practices Claim | $15,000 (not trebled) | N/A | $250,000 |

I believe that the majority errs by not requiring United to elect between the *full* remedy allowable under its tortious interference claim and the *full* remedy allowable under its unfair practices claim. In effect, the majority allows United to select individualized components of recovery under both of these claims as if it were selecting from a smorgasbord of remedies.

A proper election in the case at bar precludes recovery of common law damages (compensatory and punitive) and Chapter 75 statutory attorneys' fees. I believe that it is only when the plaintiff chooses the Chapter 75 mandatorily trebled compensatory damages that attorneys' fees may be awarded pursuant to N.C.G.S. § 75-16.1(1).

Given the complexity of modern commercial transactions, today's majority opinion will encourage litigants to plead statutory

IN RE CORNELIUS

[335 N.C. 198 (1993)]

and common law claims for the same conduct, yielding verdicts containing alternative compensatory damages, punitive damages, treble damages, and attorneys' fee awards. It invites plaintiffs to plead such claims, await the jury's verdict on all of them, and then pick and choose among the most beneficial components of each of them. This will result in artificially inflated recoveries based on the artful drafting of pleadings and jury verdict forms, transforming remedial statutes that authorize the recovery of attorneys' fees, such as Chapter 75, into vehicles for excessive recoveries. Surely this was not the intent of the legislature in enacting Chapter 75.

Justice Webb joins in this concurring and dissenting opinion.