THE SHADOW GROUP, LLC, Plaintiff v. HEATHER HILLS HOME OWNERS
ASSOCIATION, Defendant

No. COA02-493

(Filed 18 February 2003)

## 1. Appeal and Error— denial of 12(b)(6) motion—appeal after final judgment

The denial of a motion to dismiss for failure to state a claim is not reviewable upon appeal from a final judgment on the merits.

## 2. Nuisance— water flow—from common areas to townhouse

The trial court did not err in a trespass and nuisance action by finding that defendant substantially interfered with plaintiff's use and enjoyment of its property by failing to stop the flow of water from common areas into plaintiff's townhouse. The parties stipulated that defendant owned and was responsible for the common areas within the subdivision, that water flowed from those areas onto plaintiff's property, that defendant exacerbated the water flow through attempted repairs, and that this flow damaged plaintiff's property.

## 3. Trespass— water flow—repairs—problem exacerbated

The trial court's conclusions that defendant caused the entry of water from common areas onto plaintiff's townhouse property were supported by the court's findings that defendant undertook to repair the water flow problem and that those repairs exacerbated the problem.

## 4. Trespass— water flow—findings—sufficient

The trial court's conclusion that there was a trespass in defendant's causing water to flow from common areas into plaintiff's townhouse was supported by sufficient findings where the court found that defendant's attempted remedy exacerbated the flow, that this continued after plaintiff's purchase of the property, that defendant did not stop the flow, that plaintiff did not autho-

rize the flow, and that plaintiff spent $2,480 to remedy the problem. Moreover, every subsequent incidence of water flowing onto the property after plaintiff's possession could constitute a trespass in and of itself.

Appeal by defendant from order and judgment entered 18 January 2002 by Judge Laurie L. Hutchins in Forsyth County District Court. Heard in the Court of Appeals 29 January 2003.

*Hunter, Elam, Benjamin & Tomlin, by Jason A. Knight, for plaintiff-appellee.*

*Hatfield, Mountcastle, Deal, Van Zandt & Mann, LLP, by Marc Hunter Eppley, for defendant-appellant.*

MARTIN, Judge.

Plaintiff filed a complaint in this action alleging that it purchased a townhouse on a parcel of real property located in the Heather Hills subdivision in September 1999. At that time, and since 1974, defendant was the owner of all common areas in the subdivision. Plaintiff alleged that as early as July 1997, defendant was aware that water from the common areas flowed into the basements of various townhouses in the subdivision, including the townhouse eventually purchased by plaintiff. Following plaintiff's purchase of the property, an inspection revealed standing water and flood damage inside the townhouse allegedly caused by the flow of water from the subdivision's common areas. An attorney for plaintiff notified defendant of the flood problems in October 1999. Following a meeting of defendant's members, defendant informed plaintiff it would not pay for any repairs or prevention related to the flood problems. As a result, plaintiff paid $2,480 for waterproofing to remedy the problem.

Plaintiff asserted claims for trespass to real property and for private nuisance. The complaint alleged plaintiff was the owner of the property, that defendant voluntarily caused water from the common areas of the subdivision to flow onto plaintiff's property, and that plaintiff sustained damages as a result. The complaint also alleged that defendant "substantially interfered with [plaintiff's] use and enjoyment of its property by causing water to flow into the property which resulted in flooding or caused a significant annoyance, material physical discomfort and injury to the property" and that defendant's interference was unreasonable and resulted in damage to plaintiff.

Defendant answered and moved to dismiss the complaint for failure to state a claim upon which relief could be granted. Following arbitration resulting in an award in favor of defendant, plaintiff appealed to the district court for a trial *de novo*. The trial court heard the matter sitting without a jury. The trial court entered judgment in which it found that defendant owned and was responsible for maintenance and upkeep of the subdivision common areas; that water flowed downhill from the common areas and damaged plaintiff's property; that in 1996, defendant employed a contractor in an attempt to remedy the water flow problem by installing a new drainage system adjacent to plaintiff's property; that the new system in fact exacerbated the water flow problem and actually caused water to flow onto plaintiff's property and through the sliding glass doors; that plaintiff did not authorize defendant to cause the water to flow onto its property; and that defendant substantially interfered with plaintiff's enjoyment of the property by failing to stop the water from flowing from the common areas onto plaintiff's property. The trial court awarded plaintiff damages in the amount of $2,480.00. Defendant appeals.

---

**[1]** Defendant's first assignment of error is to the denial of its G.S. § 1A-1, Rule 12(b)(6) motion to dismiss the complaint for its failure to state a claim upon which relief can be granted. However, it is well established that the denial of a Rule 12(b)(6) motion to dismiss is not reviewable upon an appeal from a final judgment on the merits. *Berrier v. Thrift*, 107 N.C. App. 356, 359, 420 S.E.2d 206, 208 (1992) (citing *Concrete Service Corp. v. Investors Group, Inc.*, 79 N.C. App. 678, 340 S.E.2d 755, *cert. denied*, 317 N.C. 333, 346 S.E.2d 137 (1986)), *disc. review denied*, 333 N.C. 254, 424 S.E.2d 918 (1993). Thus, the assignment of error is dismissed.

**[2]** Defendant's second assignment of error is to the trial court's finding of fact that defendant "substantially interfered with Plaintiff's use and enjoyment of the property by failing to stop the water to flow into the property from the common areas into Plaintiff's townhouse." Defendant asserts this finding is unfounded, as "nothing in the pleadings or the facts before the trial court showed that Defendant interfered with Plaintiff at all."

When a trial court sits as the finder of fact, its findings of fact are conclusive on appeal where supported by competent evidence, even where the evidence would support a finding to the contrary.

*Creekside Apartments v. Poteat,* 116 N.C. App. 26, 446 S.E.2d 826, *disc. review denied,* 338 N.C. 308, 451 S.E.2d 632 (1994).

In order to establish a claim for nuisance, a plaintiff must show the existence of a substantial and unreasonable interference with the use and enjoyment of its property. *Whiteside Estates, Inc. v. Highlands Cove, L.L.C.,* 146 N.C. App. 449, 553 S.E.2d 431 (2001), *disc. review denied,* 356 N.C. 315, 571 S.E.2d 220 (2002). In this context, our Supreme Court has interpreted substantial interference to mean a "substantial annoyance, some material physical discomfort . . . or injury to [the plaintiff's] health or property." *Duffy v. Meadows,* 131 N.C. 31, 34, 42 S.E. 460, —— (1902). The pattern jury instruction for private nuisance instructs that "[i]nterference is substantial when it results in significant annoyance, material physical discomfort or injury to a person's health or property. A slight inconvenience or a petty annoyance is not a substantial interference." N.C.P.I. Civil 805.25. Moreover, one's action in interfering with the flow of water resulting in damage to another's property can constitute a private nuisance. *See Pendergrast v. Aiken,* 293 N.C. 201, 236 S.E.2d 787 (1977).

In the present case, the parties stipulated that defendant owned and was responsible for the common areas within the subdivision, that water flowed from those areas onto plaintiff's property, that defendant exacerbated the water flow onto plaintiff's property beginning in 1996 when it undertook to repair the problem, and that this flow of water damaged plaintiff's property. These stipulations are sufficient to support the trial court's finding that the circumstances gave rise to more than a slight inconvenience or petty annoyance to plaintiff and that defendant substantially interfered with plaintiff's use and enjoyment of its property.

**[3]** Defendant next argues the trial court's findings were insufficient to support its conclusion of law that defendant "caused the entry of water from the common areas and the drainage system into the property." However, as noted previously, defendant stipulated, and the trial court found, that defendant undertook to repair the water flow problem, but that its repairs, which included the installation of a drainage system adjacent to plaintiff's property, only exacerbated the problem. These findings support the trial court's conclusion of law that defendant's actions not only failed to address the water flow problem, but actually contributed to the flow of water onto plaintiff's property. This assignment of error is overruled.

**[4]** In support of its fourth assignment of error, defendant argues there were insufficient findings of fact to support the trial court's conclusion of law that defendant's actions amounted to a trespass. In order to establish a trespass to real property, a plaintiff must show: (1) his possession of the property at the time the trespass was committed; (2) an unauthorized entry by the defendant; and (3) resulting damage to the plaintiff. *Ammons v. Wysong & Miles Co.*, 110 N.C. App. 739, 745, 431 S.E.2d 524, 528, *disc. review denied*, 334 N.C. 619, 435 S.E.2d 332 (1993). One's action of causing water to flow onto another's property can constitute such a trespass. *See, e.g., Wilson v. McLeod Oil Co. Inc.*, 327 N.C. 491, 398 S.E.2d 586 (1990), *reh'g denied*, 328 N.C. 336, 402 S.E.2d 844 (1991).

The trial court found that defendant's action in attempting to remedy the water flow problem in 1996 actually exacerbated the flow of water onto plaintiff's property from the common areas, that this problem continued after plaintiff's purchase of the property, that defendant did not stop the flow of water onto plaintiff's property, that plaintiff did not authorize defendant to cause water to flow onto its property, and that plaintiff spent $2,480 to remedy the problem. These findings are supported by competent evidence and are sufficient to establish each necessary element of a claim for trespass.

Moreover, even though defendant's initial exacerbation of the water flow onto plaintiff's property was alleged to have occurred prior to plaintiff's ownership of the property, because the nature of the water flow was recurrent, every subsequent incidence of water flowing onto the property after plaintiff's possession could constitute a trespass in and of itself. *See Ivester v. Winston-Salem*, 215 N.C. 1, 1 S.E.2d 88 (1939) (causes of action exist for all consequential and successive damages for a recurring injury resulting from a condition wrongfully created and maintained, such as a recurrent nuisance or trespass); *Roberts v. Baldwin*, 151 N.C. 407, 66 S.E. 346 (1909) (water flowing from defendant's land onto plaintiff's land constitutes recurring trespass, as opposed to continuing trespass, because although the condition which allows for the water to flow onto plaintiff's property exists continuously, the actual flow of water is irregular and variable in frequency of occurrence depending upon rainfall and other factors). Accordingly, this assignment of error is overruled.

Finally, defendant contends there were insufficient findings of fact to support the trial court's conclusions that defendant substantially interfered with plaintiff's use and enjoyment of the property, and that defendant's actions constituted a private nuisance. In so

arguing, defendant simply summarizes its argument in support of its second assignment of error, that the evidence failed to support any finding of interference on defendant's part. We have addressed and rejected this argument. The trial court's findings of fact on this matter were supported by competent evidence, are therefore conclusive on appeal, and these findings in turn support the conclusions of law.

The judgment of the trial court is affirmed.

Affirmed.

Judges HUDSON and STEELMAN concur.