ANDREW BROADBENT, AND REBECCA BROADBENT, PLAINTIFFS v. KENNETH T. ALLISON, WILLIE T. ALLISON, AND WIFE, PATRICIA M. ALLISON, TRANSYLVANIA COUNTY AIRPORT, L.L.C., DEFENDANTS

No. COA05-194

(Filed 7 March 2006)

### 1. Nuisance— airport—special instruction

The trial court's special airport nuisance instruction was not erroneous because, when read as a whole, it accurately instructed the jury on the relevant law.

### 2. Nuisance— airport—failure to instruct on mitigation of damages—no evidence of resulting benefit

The trial court did not err in an airport nuisance case by refusing to instruct the jury on mitigation of damages because there was no evidence that plaintiffs' property was enhanced in value due to its proximity to defendants' airport.

### 3. Nuisance— failure to charge jury and structure issue sheet to consider liability of each defendant individually

The trial court did not err in a nuisance case by failing to charge the jury and structure the issue sheet in such a way that the jury could consider the liability of each defendant individually.

### 4. Civil Procedure— motion for new trial—newly discovered evidence

The trial court did not err in a nuisance case by denying defendants' motions for a new trial based upon newly discovered evidence that plaintiffs purchased additional property adjoining their property and the airport that allegedly constituted the nuisance following the jury trial and before the permanent injunction hearing in this case, and that plaintiffs had intended to purchase this property before trial, because: (1) the fact that plaintiffs purchased additional property cannot be the basis for a new trial under N.C.G.S. § 1A-1, Rules 59 and 60 since this did not occur until after the trial was completed; and (2) even if the Court of Appeals held that plaintiffs' purported intent constituted newly discovered evidence, it cannot be said that the trial court abused its discretion in denying defendants' motions in light of the fact that plaintiffs testified at trial that they had no intention of moving.

**5. Evidence— videotapes—edited**

The trial court did not err in an airport nuisance case by admitting evidence of an edited videotape of planes flying over plaintiffs' property, because: (1) although defendants contend the chain of custody was broken, they did not object to the admission of the video at trial on this basis, and do not include an assignment of error in the record preserving this argument; (2) although defendants contend two of plaintiffs' video exhibits do not accurately depict the events they purport to show, the jury was told the videos were edited from many hours of tape recorded over a period of several months, the video was time-stamped so the jury could see exactly when each segment was recorded, the jury was made aware that some of the footage was filmed in zoom mode, and additional testimony indicated the approximate altitudes of planes as they took off or landed over plaintiffs' property; (3) on the instant facts it was not necessary that the sound on the video exactly match that of the actual airplanes, and defendants cannot show prejudice when the sound on the video was not as loud as the actual sound; and (4) although defendants contend two of the videos contain hearsay statements, they do not include any of the purported hearsay statements in their brief, do not make any legal arguments to support any finding that the statements were improperly admitted or that they were prejudicial in any manner, and they have not preserved this argument by any assignment of error in the record.

**6. Evidence— exhibits—still photograph**

The trial court did not err in a nuisance case by admitting plaintiffs' exhibit of a still photograph of an airplane flying over plaintiffs' property, even though defendants contend it does not fairly and accurately depict what it purports to show, because: (1) the Court of Appeals is not prepared to hold that photographs are inadmissible as evidence due to their inherent dimensional limitations; (2) after reviewing this exhibit, the Court of Appeals concluded that there was no possibility the jurors believed the photo depicted an airplane flying directly over plaintiffs' house unless they believed it was a model airplane; and (3) a jury is able to comprehend that when one object in a photograph is small relative to another object, the relatively smaller object is farther away.

BROADBENT v. ALLISON

[176 N.C. App. 359 (2006)]

**7. Nuisance— motion for new trial—sufficiency of evidence— private nuisance**

The trial court did not err in a nuisance case by denying defendants' motion for a new trial under N.C.G.S. § 1A-1, Rule 59(a)(7) based on alleged insufficient evidence of private nuisance, because: (1) defendants' Rule 59(a)(7) motion, filed 18 February 2004, followed the entry of judgment on 9 February 2004, and thus, none of the findings and conclusions in that judgment are directed to defendants' motion nor can they be relied upon to attack the verdict; (2) defendants may have acted in a completely reasonable fashion, but plaintiffs still prevail if defendants' conduct created a substantial and unreasonable negative impact on plaintiffs' enjoyment of their property; (3) as this is a question of sufficiency of evidence, this issue is not to be decided as a matter of law; (4) the trial court's ruling did not amount to a substantial miscarriage of justice; and (5) defendants did not argue that the trial court committed an abuse of discretion in denying their Rule 59 motion, and the Court of Appeals found none.

**8. Injunction— temporary or permanent—avigation easement**

The trial court erred in a nuisance case by denying plaintiffs' motion for a permanent injunction and by granting defendants' request for an avigation easement, and the case is remanded for a new trial on damages and a new injunction hearing, because the Court of Appeals is unable to ascertain from the record whether the jury's award constituted temporary or permanent damages, or both.

Appeals by plaintiffs and defendants from judgment entered 9 February 2004 by Judge Zoro J. Guice, Jr. in Transylvania County Superior Court. Heard in the Court of Appeals 21 September 2005.

*James M. Kimzey for plaintiffs-appellants-appellees.*

*Dean & Gibson, by Susan L. Hofer and Christopher W. Cook, for defendants-appellees-appellants.*

STEELMAN, Judge.

We affirm the verdict of the jury finding the operation of defendants' airport constituted a private nuisance. We reverse and remand for a new trial on damages. We further vacate the judgment of the

trial court denying plaintiffs' motion for a permanent injunction and granting defendants an avigation easement, and remand for a new hearing on these issues.

Plaintiffs purchased fifty-eight acres of land in rural Transylvania County in April of 1994. In May of 1996, plaintiffs moved into the house they had constructed on the property. Defendants purchased an adjacent property in December of 1995, which was being used as farmland. After plaintiffs had moved into their house they learned that defendants intended to construct an airstrip. In August of 1998, plaintiffs learned that the airstrip was going to be used for commercial purposes. Aircraft began using the airport in September of 1998.

Plaintiffs discussed the airport with defendants soon after it opened, voicing concern that planes were flying low over their house, barn, and riding ring. Flights continued over plaintiffs' property. By the time of trial, two planes had crashed on plaintiffs' property, resulting in one death and several serious injuries to occupants of the planes.

On 9 May 2001, plaintiffs filed suit alleging nuisance, and requesting compensatory and punitive damages, as well as injunctive relief. Following a jury trial at the 21 January 2003 session of Transylvania County Superior Court on the issues of liability and damages, the jury determined that the airport constituted a nuisance, and awarded plaintiffs $358,000.00 in compensatory damages. The jury rejected plaintiffs' claim for punitive damages. Following a 1 July 2003 hearing in front of Judge Guice, plaintiffs' request for a permanent injunction was denied, and defendants were granted an avigation easement permitting continued operation of the airport by defendants. Defendants filed motions for judgment notwithstanding the verdict and for a new trial, which were denied by order entered 29 July 2004. Both plaintiffs and defendants appeal.

### Defendants' Appeal

[1] In defendants' first argument, they contend that the trial court erred in failing to properly instruct the jury. We disagree.

"It is the duty of the trial judge without any special requests to instruct the jury on the law as it applies to the substantive features of the case arising on the evidence. When a party appropriately tenders a written request for a special instruction which is correct in itself

and supported by the evidence, the failure of the trial judge to give the instruction, at least in substance, constitutes reversible error." *Millis Constr. Co. v. Fairfield Sapphire Valley, Inc.*, 86 N.C. App. 506, 509-10, 358 S.E.2d 566, 568 (1987). Defendants first contend that the jury was misled by the special airport nuisance instruction given by the trial court.

> In order to establish a claim for nuisance, a plaintiff must show the existence of a substantial and unreasonable interference with the use and enjoyment of its property. In this context, our Supreme Court has interpreted substantial interference to mean a 'substantial annoyance, some material physical discomfort . . . or injury to [the plaintiff's] health or property.'

*Shadow Group v. Heather Hills Home Owners Ass'n*, 156 N.C. App. 197, 200, 579 S.E.2d 285, 287 (2003) (citations omitted). Defendants cite to a small portion of the trial court's instruction, and argue that the trial court omitted the requirement that the jury find substantial interference as defined above. When the trial court's instruction is read as a whole, we hold that it fully and accurately instructed the jury on the relevant law.

[2] Defendants next argue that the trial court erred in refusing to instruct the jury on mitigation of damages, arguing that the airport enhanced the value of plaintiffs' property. When permanent damages are at issue in a nuisance trial, and that nuisance " 'operates as a partial taking of the plaintiff's property, any resulting benefit peculiar to him may be considered in mitigation of damages.' " *Brown v. Virginia-Carolina Chemical Co.*, 162 N.C. 83, 87, 77 S.E. 1102, 1104 (1913) (citation omitted). In the instant case, defendants presented no evidence at trial in support of their contention that plaintiffs' property was enhanced in value due to its proximity to the airport. Because there was no evidence of any resulting benefit to plaintiffs, the trial court did not err in refusing to give a mitigation of damages instruction.

[3] Defendants next argue that the trial court erred in failing to charge the jury and structure the issue sheet in such a way that the jury could consider the liability of each defendant individually. Defendants' argument fails to state why the trial court should have granted their request, and it does not indicate how the denial of their request prejudiced them in any manner. Defendant's first argument is without merit.

**[4]** In defendants' second argument, they contend that the trial court erred in denying their motions for a new trial based upon newly discovered evidence. We disagree.

On 18 February 2004 defendants moved for judgment notwithstanding the verdict and a new trial based on evidence that plaintiffs bought additional property adjoining their property and the airport following the jury trial and before the permanent injunction hearing in this case, and that they had intended to purchase this property before trial. Defendants further moved on 15 October 2004 for relief from the 9 February 2004 judgment and 29 July 2004 order after obtaining statements from four jurors indicating that knowledge of plaintiffs' intent to purchase this property would have influenced their verdict. Defendants argue that the evidence that plaintiffs purchased additional property undercuts their testimony at trial that they were in constant fear for their lives living next to the airport.

N.C. Gen. Stat. 1A-1, Rule 59(a)(4) provides for a new trial based on "[n]ewly discovered evidence material for the party making the motion which he could not, with reasonable diligence, have discovered and produced at the trial;" provided motion is made within ten days of entry of judgment. N.C. Gen. Stat. Sec. 1A-1, Rule 60(b)(2) provides for a new trial based on "[n]ewly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)[.]" "The motion shall be made within a reasonable time, and . . . not more than one year after the judgment, order, or proceeding was entered or taken." *Id.* In order for evidence to be "newly discovered evidence" under these rules, it must have been in existence at the time of the trial, and not discoverable through due diligence. *Parks v. Green*, 153 N.C. App. 405, 412, 571 S.E.2d 14, 19 (2002). The trial court's rulings on these motions will not be overturned absent an abuse of discretion. *Cole v. Cole*, 90 N.C. App. 724, 727, 370 S.E.2d 272, 273 (1988); *Bryant v. Nationwide Mut. Fire Ins. Co.*, 313 N.C. 362, 380, 329 S.E.2d 333, 343 (1985).

The fact that plaintiffs purchased additional property cannot be the basis for a new trial under Rules 59 and 60, because this did not occur until after the trial was completed. *Green*, 153 N.C. App. at 412, 571 S.E.2d at 19. Defendants argue that plaintiffs had the *intent* to purchase additional property before trial, and that this intent constitutes evidence sufficient to warrant a new trial. Assuming *arguendo* that this intent did in fact exist before trial, and that intent can be

considered evidence for Rule 59 and 60 purposes, defendants' argument still fails.

Plaintiffs testified at trial that they intended to continue living on that property, despite the disruption and fear that diminished their enjoyment of the property. They did not intend to move. Further, even were we to hold that this purported intent did constitute newly discovered evidence, in light of the fact that plaintiffs testified at trial that they had no intention of moving, we cannot say that the trial court abused its discretion in denying defendants' motions. Since plaintiffs made the decision to live on the property in spite of the adjoining airport, it is not surprising that they would purchase additional land if such purchase would make their property more useful and enjoyable. This argument is without merit.

In their third argument, defendants contend that the trial court erred in admitting certain evidence. We disagree.

[5] Defendants first argue that an edited videotape of planes flying over their property was improperly admitted. They contend that when viewing the videotape, one cannot determine the location from which some of the footage was filmed; it is unclear whether a zoom lens was used, making the actual altitude of the planes uncertain; the sound of the planes on the tapes did not accurately reflect the actual sound the planes made; and the videos included improper hearsay statements. Defendants also argue that admission of the video was in violation of Rule 401 of the North carolina Rules of Evidence.

Video evidence is admissible in North Carolina "upon laying a proper foundation and meeting other applicable evidentiary requirements." N.C. Gen. Stat. § 8-97; *Albrecht v. Dorsett*, 131 N.C. App. 502, 507, 508 S.E.2d 319, 323 (1998). In order to admit video evidence, three questions must be affirmatively answered:

> (1) whether the camera and taping system in question were properly maintained and were properly operating when the tape was made, (2) whether the videotape accurately presents the events depicted, and (3) whether there is an unbroken chain of custody.

*State v. Mason*, 144 N.C. App. 20, 26, 550 S.E.2d 10, 15 (2001).

Defendants do not argue that the video taping system was not properly maintained or properly functioning. Defendants do argue that the chain of custody was broken, however they did not object to the admission of the video at trial on this basis, and do not include an

assignment of error in the record preserving this argument. This argument is therefore deemed abandoned. N.C.R. App. P. Rules 10(a) and 10(b)(1); *Creasman v. Creasman*, 152 N.C. App. 119, 123, 566 S.E.2d 725, 728 (2002); *Koufman v. Koufman*, 330 N.C. 93, 98, 408 S.E.2d 729, 731 (1991).

Defendants argue that two of plaintiffs' video exhibits (plaintiffs' exhibits 64 and 66) do not accurately depict the events they purport to show. Defendants argue that the editing, which condenses a series of airplane fly-overs into six minutes which actually occurred over several months, makes it appear that the intrusion was much more frequent than it actually was. However, the jury was told that the videos were edited from many hours of tape recorded over a period of several months, and the video was time-stamped, so the jury could see exactly when each segment was recorded. Our Rules of Evidence allow for voluminous recordings to be presented in summary form. North Carolina Rules of Evidence, Rule 1006. The jury was also made aware that some of the footage was filmed in a zoom mode. There was also additional testimony indicating the approximate altitudes of planes as they took off or landed over plaintiffs' property. We hold that the trial court did not abuse its discretion in admitting this evidence at trial. *Tomika Invs., Inc. v. Macedonia True Vine Pentecostal Holiness Church of God, Inc.*, 136 N.C. App. 493, 498, 524 S.E.2d 591, 595 (2000).

Defendants further argue that *Statesville v. Cloaninger*, 106 N.C. App. 10, 15, 415 S.E.2d 111, 114 (1992), holds that for a video of an airplane entering or leaving an airport to be admissible, there must be evidence that the video accurately represents the sound of the airplane. We first note that the manner in which defendants present this argument in their brief is misleading, as *Cloaninger* makes no such holding. The *Cloaninger* opinion discussed the foundation laid by the party offering the video, and then held that the foundation was sufficient. In the instant case, plaintiffs' evidence was that the video did not accurately represent the actual sound of the airplanes because the actual sound was louder than the recorded sound. We hold that on the instant facts it was not necessary that the sound on the video exactly match that of the actual airplanes. Further, as plaintiffs' evidence was that the sound on the video was not as loud as the actual sound, even if the video was improperly admitted, defendants can show no prejudice.

Though defendants argue that two of the videos (plaintiffs' exhibits 63 and 64) contain hearsay statements, they do not include

any of the purported hearsay statements in their brief, and do not make any legal arguments to support any finding that the statements were improperly admitted, or that they were prejudicial in any manner. Further, defendants have not preserved this argument by any assignment of error in the record. Defendants have abandoned this argument. N.C. R. App. P. Rules 28(b)(6) and 10(c)(1).

[6] Finally, defendants argue that the trial court erred in admitting plaintiffs' exhibit 4a, a still photograph of an airplane flying over plaintiffs' property, because it does not fairly and accurately depict what it purports to show. Defendants argue that the photograph incorrectly makes it appear as if the plane is directly over the plaintiffs' house because a photograph depicts a three dimensional scene in two dimensions. We are not prepared to hold that photographs are inadmissible as evidence due to their inherent dimensional limitations. Further, after reviewing plaintiffs' exhibit 4a, it is clear to this Court that there is no possibility the jurors believed the photo depicted an airplane flying directly over plaintiffs' house unless they believed it was a model airplane. We are confident of a jury's ability to comprehend that when one object in a photograph is small relative to another object, the relatively smaller object is farther away. This argument is without merit.

[7] In defendants' fourth argument, they contend that the trial court erred in denying their motion for a new trial pursuant to N.C.R. Civ. P. Rule 59(a)(7) because there was insufficient evidence to prove private nuisance. We disagree.

Rule 59(a)(7) states:

*Grounds.*—A new trial may be granted to all or any of the parties and on all or part of the issues for any of the following causes or grounds:

. . . . .

(7) Insufficiency of the evidence to justify the verdict or that the verdict is contrary to law[.]

When a Rule 59(a)(7) motion is based upon an insufficiency of the evidence, our standard of review is abuse of discretion; when the motion is based upon a claim that the verdict is contrary to law, we perform a *de novo* review. *In re Will of Buck*, 350 N.C. 621, 516 S.E.2d 858 (1999); *Britt v. Allen*, 291 N.C. 630, 634-35, 231 S.E.2d 607, 611-12 (1977). "In order to establish a claim for nuisance, a plaintiff must

show the existence of a substantial and unreasonable interference with the use and enjoyment of its property." *Shadow Group v. Heather Hills Home Owners Ass'n*, 156 N.C. App. 197, 200, 579 S.E.2d 285, 287 (2003).

The trial court's second conclusion of law in its judgment entered 9 February 2004, following the 1 July 2003 injunction hearing, states: "The conduct of the Defendants is not unreasonable in that the Transylvania County Airport provides significant benefit to the community as well as humanitarian, government and emergency services and promotes business growth within the community." Defendants argue that because the trial court concluded defendants had not acted unreasonably, it also necessarily concluded that plaintiffs failed their burden as stated in *Shadow Group* to prove a private nuisance.

We first note that defendant's motion for a new trial based upon insufficiency of the evidence is directed to the jury's verdict rendered on 31 January 2003. The findings of fact and conclusions of law in the trial court's 9 February 2004 judgment pertained to the trial court's ruling on the plaintiff's motions for a permanent injunction and defendants' motion for an avigation easement, which were entered following a 1 July 2003 non-jury hearing before Judge Guice. The findings of fact and conclusion's of law contained in the 9 February 2004 judgment are relevant only with respect to those issues before Judge Guice in the 1 July 2003 hearing. Judge Guice had no authority to make determinations concerning which evidence presented at trial the jury relied upon in determining that plaintiffs' claim for private nuisance was valid. The consideration of the evidence at trial for the purposes of supporting the jury verdict was the sole province of the jury. Because defendants' Rule 59(a)(7) motion, filed 18 February 2004, followed the entry of judgment on 9 February 2004, none of the findings and conclusions in that judgment are directed to defendants' motion.

Further, defendants misunderstand the burden of proving unreasonable interference as stated in *Shadow Group*. The question under *Shadow Group* was whether defendants' conduct created an unreasonable interference with plaintiffs' enjoyment of their property, not whether defendants' conduct *itself* was unreasonable. Defendants may have acted in a completely reasonable fashion, but plaintiffs still prevail if defendants' conduct created a substantial and unreasonable negative impact on plaintiffs' enjoyment of their property. It is clear that the trial court in the instant case was making just such a determination; defendants operation of the airport was not an

unreasonable endeavor, i.e. defendants themselves were not acting unreasonably, but the operation of the airport had a substantial and unreasonable impact on plaintiffs' enjoyment of their property.

Defendants further argue that because the trial court found that noise from takeoffs and landings interfered with only about two to four and a half minutes of plaintiffs' day, this fails as a matter of law to constitute substantial injury or interference. Again, the trial court's findings of fact were not directed towards the sufficiency of the evidence to support the jury's verdict, therefore, defendants cannot rely upon these findings of fact to attack that verdict. Further, as this is a question of sufficiency of the evidence, this issue is not to be decided as a matter of law. *In re Will of Buck*, 350 N.C. 621, 516 S.E.2d 858 (1999).

Defendants next argue that the trial court erred in denying their Rule 59 motion because the evidence at trial was insufficient to support the jury verdict. Our standard of review for this issue is abuse of discretion. *Id.* " 'An appellate court should not disturb a discretionary Rule 59 order unless it is reasonably convinced by the cold record that the trial judge's ruling probably amounted to a substantial miscarriage of justice.' " *Anderson v. Hollifield*, 345 N.C. 480, 483, 480 S.E.2d 661, 663 (1997) (quoting *Campbell v. Pitt County Mem'l Hosp., Inc.*, 321 N.C. 260, 265, 362 S.E.2d 273, 275 (1987)).

Upon our review of the record, we are not reasonably convinced that the trial court's ruling probably amounted to a substantial miscarriage of justice. Nowhere in defendants' argument do they contend that the trial court committed an abuse of discretion in denying their Rule 59. motion, and we hold that there was none. This argument is without merit.

Because defendants have not argued their other assignments of error in their brief, they are deemed abandoned. N.C. R. App. P. Rule 28(b)(6) (2003).

## Plaintiffs' Appeal

[8] In plaintiffs' first argument, they contend that the trial court erred in denying their motion for a permanent injunction, and further erred in granting defendants' request for an avigation easement. For the reasons stated below, we remand this case to the Superior Court of Transylvania County for a new trial on damages, and a new injunction hearing.

Plaintiffs' argue that they were entitled to a permanent injunction as a matter of law because they prevailed on the private nuisance claim. This is incorrect. Though a prevailing plaintiff in a private nuisance action may in certain circumstances be awarded damages, injunctive relief, or both, injunctive relief is not mandated in every situation. *Phillips v. Chesson*, 231 N.C. 566, 570, 58 S.E.2d 343, 347 (1950); *Berger v. Smith*, 160 N.C. 205, 75 S.E. 1098 (1912); *Mayes v. Tabor*, 77 N.C. App. 197, 200, 334 S.E.2d 489, 490-91 (1985). If plaintiffs have been awarded temporary damages, they may institute additional actions in the future to obtain additional damages as they occur. *Phillips*, 231 N.C. at 570, 58 S.E.2d at 347. If plaintiffs have been awarded permanent damages, they may not institute additional actions based on the same nuisance, as the award constitutes recompense for all past and future damages. *Id.* When permanent damages have been awarded, defendants have in effect been granted an easement to continue operations on their property in the same manner as previously conducted. *Id.*

In the instant case, we are unable to ascertain from the record whether the jury's award constituted temporary or permanent damages, or both. The trial court instructed the jury in relevant part as follows:

> Members of the jury, an actual injury involves more than a slight inconvenience or a petty annoyance. It is an injury to the plaintiffs' comfort and enjoyment of their property, or damage to their real property.

> Members of the jury, you should answer this issue in such dollar amount that you find the plaintiffs have proved by the greater weight of the evidence that the value of their real property has been damaged, and in addition any damages you find that the plaintiffs have suffered for the loss of use and enjoyment of their property.

The issue sheet submitted to the jury states as issue 2: "What amount of damages are the plaintiffs entitled to recover from the defendants?" The jury answered this question by simply writing "$358,000" in the space provided on the verdict issue sheet. In its judgment of 9 February 2004, the trial court concluded as a matter of law that the jury's award constituted permanent damages and that plaintiffs had been "fully and adequately compensated in law for the injuries they claim as a result of living next to the airport and therefore a perma-

BROADBENT v. ALLISON

[176 N.C. App. 359 (2006)]

nent injunction should not issue." The record does not support this conclusion, as it is impossible from the record to determine the basis upon which the jury rendered its award. The jury was not instructed to make separate awards of permanent and temporary damages, and the verdict sheet does not indicate on what basis damages were awarded. In light of this, it is necessary that we reverse and remand this case for a new trial on damages. We further vacate the trial court's judgment denying plaintiffs' motion for a permanent injunction and granting defendants an avigation easement, and remand for further proceedings, since the trial court's judgment was based at least in part on the assumption, unsubstantiated by the record, that the jury awarded permanent damages. Upon remand, the trial court should instruct the jury on both temporary and permanent damages, and draft the issue sheet in such a way that it is clear whether the jury is awarding permanent damages, temporary damages, or both. Once all the relevant issues in the case have been determined by the jury and the trial court, plaintiffs shall be allowed to elect between available remedies to the extent necessary to "prevent double redress for a single wrong." *United Lab. v. Kuykendall*, 335 N.C. 183, 191, 437 S.E.2d 374, 379 (1993); *see also Mapp v. Toyota World, Inc.*, 81 N.C. App. 421, 426-27, 344 S.E.2d 297, 301 (1986).

Because we have remanded this case for a new trial on damages, we do not address plaintiffs' other arguments.

DEFENDANTS' APPEAL: AFFIRMED.

PLAINTIFFS' APPEAL: REVERSED AND REMANDED FOR NEW TRIAL ON DAMAGES AND NEW HEARING ON PERMANENT INJUNCTION.

Judges HUNTER and TYSON concur.