JAMES A. BEACH and LYNN T. BEACH, Plaintiffs-Appellees
v.
AUSTIN HUGHES, Defendant-Appellant
No. COA08-1192
Court of Appeals of North Carolina
Filed September 1, 2009
This case not for Publication
Eric D. Levine for plaintiffs-appellees.
Katherine Freeman, P.L.L.C., by Katherine Freeman, for defendant-appellant.
CALABRIA, Judge.
Austin Hughes ("defendant") appeals a judgment entered upon a jury verdict finding him liable for defamation. We affirm.

I. Facts
James A. Beach and Lynn T. Beach ("plaintiffs"), husband and wife, are defendant's neighbors who reside in a mobile home park in Charlotte, North Carolina. On 6 June 2006, plaintiffs, along with additional neighbors of defendant, filed a petition with the City of Charlotte Neighborhood Development Department requesting an inspection of defendant's mobile home ("the home"). The neighbors had several complaints: (1) a strong odor was emanating from the home as a result of the sides of the home coming off and exposing mold and mildew in the insulation; (2) the home's under pinning was decayed and falling off; (3) rats; (4) septic tank problems; (5) parked cars and trucks without tags; (6) tall and uncut grass; and (7) trash in the backyard. They also expressed concern for the women living at the home. On 8 September 2006, Leslie Cook ("Cook"), a code enforcement inspector, inspected the home and found numerous housing code violations. On 13 October 2006, the City of Charlotte Neighborhood Development Site Office ordered demolition of the home.
In response to plaintiffs' petition, defendant sent a letter to Cook on 12 February 2007. The letter read as follows:
Leslie Cook,
I have lived away from Charlotte for the past seven months.
I am being forced to take over the loan on mobile home.
You with the help of Jim Beach have thrown a 81 year-old woman in the street.
You upheld him running a Liquor House and a Whore House [sic].
Jim's little woman entertains Black men.
This is not heresay [sic] I saw it in person.
Jim don't want anyone living next to him.
They could see what goes on at 4003 Sofley Rd.
I have not owned mobile Home in eight years.
I helped Patricia Polk get a loan.
There is $3,078.00 still owing.
I have no place to stay when I move back to Charlotte in a few days.
I will take over payments on loan and move in mobile Home.
I will make repairs when I get there.
Austin.
Defendant verbally repeated these statements at the Charlotte City Council ("City Council") meeting on 23 April 2007, which was televised on a local access channel. One of the items addressed at this meeting was submitting the demolition of defendant's home to the City Council for a vote. Defendant also repeated the same statements to code enforcement coordinator Mike Jenkins ("Jenkins") several times. Jenkins testified that defendant's allegations regarding the plaintiffs and their property had nothing to do with the code violations. Plaintiffs were out of the county during the televised City Council meeting of 23 April 2006. When they returned, they viewed a rebroadcast.
Plaintiffs filed an action against defendant in Mecklenburg County District Court alleging defamation based on libel and slander per se and intentional or negligent infliction of emotional distress. Plaintiffs also sought punitive damages. Defendant filed a motion to dismiss pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure for failure to state a claim, and the trial court denied the motion. The action proceeded to a jury trial on the merits.
At trial, defendant offered only his testimony to assert that his allegations about plaintiffs were true. Plaintiffs offered several witnesses who testified that defendant's statements were false. These witnesses included: Mr. Belt, a life long friend of the plaintiffs; Mr. Belt's wife; Reverend Foy, the pastor of a Baptist church; Moses Levine, a neighbor; and Jeff Eason, a captain with the Mecklenburg County Sheriff's Department who has known James Beach since he was five or six years old. All of the witnesses denied defendant's allegations that plaintiffs were involved in "running a liquor house and a whorehouse." The jury returned a verdict for plaintiffs, finding that defendant defamed plaintiffs and that plaintiffs should recover nominal damages in the amount of $1.00 and punitive damages in the amount of $28,750.00. Defendant appeals.

II. Denial of Motion to Dismiss
Defendant argues that the trial court erred by denying his motion to dismiss pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) (2007) for failure to state a claim upon which relief may be granted. Defendant argues for the first time on appeal that the defamatory statements he made were in connection with "quasi-judicial" proceedings, and therefore, were immune from later suit.
It is "well established that the denial of a Rule 12(b)(6) motion to dismiss is not reviewable upon an appeal from a final judgment on the merits." Shadow Grp., LLC v. Heather Hills Home Owners Ass'n, 156 N.C. App. 197, 199, 579 S.E.2d 285, 286 (2003). "[W]here an unsuccessful motion to dismiss is grounded on an alleged insufficiency of the facts to state a claim for relief, and the case thereupon proceeds to judgment on the merits, the unsuccessful movant may not on an appeal from the final judgment seek review of the denial of the motion to dismiss." Concrete Serv. Corp. v. Investors Group, Inc., 79 N.C. App. 678, 682-83, 340 S.E.2d 755, 758-59 (1986).
Defendant did not raise the defense of "quasi-judicial" proceedings before the trial court or in his assignment of error. Therefore, defendant has not preserved this argument for appellate review. "In order to preserve a question for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context." N.C.R. App. P. 10(b)(1) (2007). "A listing of the assignments of error upon which an appeal is predicated shall be stated at the conclusion of the record on appeal[.]" N.C.R. App. P. 10(c)(1)(2007)(emphasis added). This Court cannot consider new arguments raised for the first time on appeal because "[d]efendant may not swap horses after trial in order to obtain a thoroughbred upon appeal." State v. Benson, 323 N.C. 318, 321-22, 372 S.E.2d 517, 519 (1988). Defendant's first assignment of error is dismissed.

III. Sufficiency of Evidence
Defendant argues that the trial court erred in finding sufficient evidence existed to allow the case to go to the jury. A "motion for a directed verdict is . . . the only procedure by which a party can challenge the sufficiency of his adversary's evidence to go to the jury." Creasman v. Savings & Loan Assoc., 279 N.C. 361, 366, 183 S.E.2d 115, 118 (1971). The record does not indicate that defendant ever made an oral or written motion for a directed verdict. Accordingly, we must decline to review defendant's argument due to his failure to make a motion for a directed verdict. See Parker v. Willis, 167 N.C. App. 625, 626-27, 606 S.E.2d 184, 185-86 (2004). This assignment of error is dismissed.

IV. Amount of Damages
Defendant argues that the punitive damage award of $28,750.00 was excessive. In general, the amount of punitive damages "rests in the sound discretion of the jury although the amount assessed is not to be excessively disproportionate to the circumstances of contumely and indignity present in the case." Juarez-Martinez v. Deans, 108 N.C. App. 486, 495-96, 424 S.E.2d 154, 160 (1993)(quotation and citation omitted).
The General Assembly has also limited by statute the amount of punitive damages that may be recovered, such that any punitive damages award "shall not exceed three times the amount of compensatory damages or two hundred fifty thousand dollars ($250,000), whichever is greater." N.C. Gen. Stat. § 1D-25 (2007). One stated legislative purpose of punitive damages is "to deter the defendant and others from committing similar wrongful acts." N.C. Gen. Stat. § 1D-1 (2007).
We discern no abuse of discretion in the jury's award of $28,750.00 in punitive damages, an amount well within the statutory limits. The jury may have designed the amount of its award for its possible deterrent effect on defendant's behavior in the future. Defendant's third assignment of error is overruled.

V. Conclusion
Defendant has failed to bring forth any argument regarding his remaining assignment of error. As such, we deem this assignment of error abandoned pursuant to N.C.R. App. P. 28(b)(6) (2007).
We affirm the judgment of the trial court.
Affirmed.
Judges HUNTER, Robert C. and HUNTER, Jr., Robert N. concur.
Report per Rule 30(e).